This is an appeal from a final judgment dismissing Gulley Simpson's attempted contest of the will and codicils of Martha Simpson.
Miss Martha Simpson executed her will on May 1, 1967, and executed codicils thereto in 1970 and 1975. The will directed that the bulk of Miss Simpson's estate be left in trust to provide scholarships to Wilcox County students, with additional bequests to various nephews and nieces. Miss Simpson died on May 28, 1982, and her will and the codicils were admitted to probate on November 10, 1982.
On May 9, 1983, Gulley Simpson filed with the Probate Court of Wilcox County a document entitled "Contest of Will of Martha Simpson . . . and First Codicil . . . and *Page 1284 
Second Codicil. . . ." The heading of the document read "In the Probate Court," and, as relief, demanded "that the probate of said enclosed Will shall not be granted and further . . . that this contest be transferred from the Probate Court . . . to the Circuit Court. . . ." As grounds for relief, Simpson alleged that Miss Simpson suffered from mental incompetence, physical weakness, and lack of testamentary capacity, and that coercion, undue influence, and restraint had been exerted on Miss Simpson to procure her will and the codicils. The document did not name respondents, nor did it allege Simpson's interest in the will. After having the document and a copy of it stamped as "filed" in the probate court, Simpson's lawyer took the original document and filed it with the circuit court.
On May 16, 1983, Simpson filed with the circuit court a document entitled "Removal of Contest of Will from Probate Court to Circuit Court in the Contest of the Will of Martha Simpson . . . and First Codicil . . . and Second Codicil. . . ." This second document purported to amend the first by 1) alleging Simpson's entitlement to a share of the estate by virtue of his being a great-nephew of Miss Simpson, and 2) demanding, as relief, that the will "be declared void, and that said contest be transferred from the Probate Court . . . to the Circuit Court. . . ."
On October 5, 1983, Simpson supplied the circuit court with the names and addresses of those parties upon whom service of a summons and the alleged "complaint" was to be made. The record reflects that service was perfected on all specified respondents.
Five of the parties so served responded with a motion to dismiss and a motion to dismiss and strike, along with briefs in support of the motions. Simpson filed a brief in opposition to these motions. Based upon these pleadings, the circuit court entered a final judgment which dismissed "any purported action or claim," finding that "the defects in the [original] document cannot be cured by amendment," struck the pleading, and ordered the documents returned to the probate court.
Simpson appeals, claiming that he correctly initiated the contest of Miss Simpson's will by filing the proper documents with the proper court in accordance with both the applicable probate code sections (§ 43-8-190, et seq., Code 1975) and the Alabama Rules of Civil Procedure, and by proceeding thereon in a timely manner. We disagree, and affirm the judgment of the trial court.
Jurisdiction to entertain a will contest in Alabama is conferred upon both the probate court and the circuit court by statute. Forrester v. Putnam, 409 So.2d 773 (Ala. 1982); McCaa Foster v. Grant, 43 Ala. 262 (1869). Before probate, a will contest may be commenced in the probate court in accordance with § 43-8-190. Once the will has been admitted to probate, however, contest is controlled by § 43-8-199:
 "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time, within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."
Because will contest jurisdiction is statutorily conferred, proceedings under § 43-8-190 and § 43-8-199 must comply exactly with the terms of the applicable statute. "It is familiar law in Alabama, the only way to quicken into exercise a statutory and limited jurisdiction is by pursuing the mode prescribed by the statute." Ex parte Pearson, 241 Ala. 467, 469, 3 So.2d 5, 6
(1941). Section 43-8-199 mandates that, in order to commence a valid contest of a will already admitted to probate, a person with an interest in the will file a complaint in circuit court and "quicken" that court's jurisdiction of the contest.
We recognize that § 43-8-199 was enacted to provide an additional opportunity for contesting a will already admitted *Page 1285 
to probate. Carter v. Davis, 275 Ala. 250, 154 So.2d 9 (1963). Furthermore, the dismissal of a complaint is not proper if the pleading contains "even a generalized statement of facts which will support a claim for relief under ARCP 8" (Dunson v.Friedlander Realty, 369 So.2d 792, 796 (Ala. 1979)), because "[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure." Crawford v. Crawford, 349 So.2d 65,66 (Ala.Civ.App. 1977). See, also, Schlagenhauf v. Holder,379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964).
We cannot, however, ignore the ultimate goal of pleadings under the Alabama Rules of Civil Procedure: to provide fair notice to adverse parties of the claim against them and the grounds upon which it rests. Dempsey v. Denman, 442 So.2d 63 (Ala. 1983);Carter v. Calhoun County Board of Education, 345 So.2d 1351 (Ala. 1977). The liberality with which the Rules are construed, then, must be balanced against the requisites of fair notice to adverse parties and strict adherence to statutorily prescribed procedures.
Commencement of an action under § 43-8-199, then, is the commencement of a statutory, adversarial proceeding. Simpson's pleading did not comply with the requirements of § 43-8-199, nor did it initiate a contest in an adversarial posture. Therefore, the filing of that document, first with the probate court and then with the circuit court, did not operate to toll the running of the six-months statute of limitations.
While defects in the form of a pleading may be remedied by amendment, the deficiencies in Simpson's "contest" document go beyond mere form. Nowhere in Simpson's initial pleading do we find allegations of the substantive material required by §43-8-199; i.e., that Simpson had an interest in Miss Simpson's will; that Simpson had not theretofore contested the will under other provisions of the article; that Miss Simpson's will had been previously admitted to probate in Alabama; or that Simpson's pleading was a complaint filed within six months of the probate of the will to be contested.
Further, in his "contest" pleading, Simpson failed to name adverse parties — either actual or fictitious — upon whom service could have been made, informing them of the action pending against them. This is tantamount to an express direction to the clerk of the circuit court to withhold service of process, which, we have held, is an indication of the absence of a bonafide intention of immediate service, without which there could not have been the valid filing of Simpson's pleading. Hence, the statute of limitations was not tolled. Ward v. Saben ApplianceCo., 391 So.2d 1030 (Ala. 1980).
Simpson argues that, under A.R.Civ.P. 3, the filing of a complaint alone constitutes commencement of the action. We disagree. Assuming, arguendo, that Simpson's pleading had been a properly drafted complaint, the filing of that pleading is not the sole factor to consider in determining whether there has been the commencement of an action under the rules. In Freer v.Potter, 413 So.2d 1079 (Ala. 1982), the plaintiff argued that the filing of the complaint constituted initiation of the action. There the court held:
 "While this is generally the case, such filing calls for an implied demand for immediate service. When, as here, the plaintiff intentionally interferes with this service by ordering that service be withheld, then the filing will not constitute the commencement of the action, since there is no intent to prosecute the claim at that time." 413 So.2d 1081.
The reasoning behind our holding in the instant case was well stated by Justice Maddox in Ward v. Saben, supra. There, the Court found that the complaint had been filed without intention of immediate service and, therefore, that the action had not been commenced. The Court stated:
 "To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual *Page 1286 
service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether, in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations." 391 So.2d 1035.
Accordingly, the circuit court's final judgment dismissing Simpson's attempted will contest is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.