BEATTY, Justice.
These are consolidated appeals. The first appeal is by John Hons from a summary judgment in favor of the partners of A. Bertolla & Sons and the personal representatives of the estates of Angelo and Rudolph Bertolla. We affirm. The second appeal is by John Hons from an order dismissing his complaint contesting a codicil to the last will and testament of Rosa A. Bertolla. We reverse and remand.

*457
Appeal No. 86-1285

The present partnership of A. Bertolla & Sons is a continuation of prior partnerships, all known as A. Bertolla & Sons. In 1954, Alex, Angelo, Rudolph, and John P. Bertolla were partners in the business. They entered into a written partnership agreement that contained a provision permitting the surviving partners, in the event of the death of a partner, to purchase the interest of the deceased partner for a percentage of the book value of the deceased partner’s interest.
In 1975, Alex Bertolla became the first partner to die after the written partnership agreement was entered into. The surviving partners, Angelo, Rudolph, and John, exercised their option to purchase Alex’s interest in the partnership. Later in the same year, Angelo died. Rudolph and John purchased his interest pursuant to the agreement and elected to continue the partnership.
In 1979, Mary Bill, Viola, John E., and Alex A. Bertolla each purchased a 10 percent interest in the partnership. They entered into a new partnership agreement with Rudolph and John P. Bertolla that contained essentially the same terms as the prior agreement. Thereafter, in 1980, Rudolph Bertolla died. The surviving partners elected to purchase his interest and continue the business as A. Bertolla & Sons.
The appellant, John Hons, is a successor under Angelo and Rudolph Bertolla’s wills. He filed suit in the Baldwin Circuit Court claiming that (1) the purchase of Angelo and Rudolph’s partnership interests by the surviving partners was not in accordance with the requirements of the partnership agreement; (2) that the personal representatives of the estates of Angelo and Rudolph had failed or refused to collect all of the assets of those estates; and (3) that the personal representatives had misappropriated certain parcels of real property belonging to the estates of Angelo and Rudolph Bertolla by deeding them to A. Ber-tolla & Sons, in which the personal representatives were partners. The appellees, various partners of the partnership and the personal representatives of the estates, denied the allegations and moved for summary judgment on each claim. The motion was granted by the trial court without an opinion. Hons then filed this appeal, claiming that the court improperly granted summary judgment as to each claim.
I. Purchase of Angelo and Rudolph Bertolla’s Partnership Interests
The provision in the partnership agreement that gave the surviving partners of A. Bertolla & Sons an option to purchase a deceased partner’s interest provided in pertinent part:
“[I]n the event of death of a partner, the partnership shall terminate. Immediately upon such death, ... the surviving partners shall cause to be made by an independent accountant an audit of the books of the business to determine the net worth of said business as shown by the books as of the date of said death_ The surviving partners ... shall thereupon have an option for a period of sixty (60) days, exercisable by written notice to ... the personal representative or heirs of the deceased partner to purchase the interest of ... the deceased partner at sixty percent (60%)[1] of the book value thereof, as shown by said audit.” (Emphasis added.)
John Hons specifically contends that summary judgment was improper because he produced sufficient evidence that showed that Marshall Kelly, the accountant who performed the “audits” following the deaths of Angelo and Rudolph Bertolla, was not an independent accountant, and that the work performed by Kelly did not constitute an audit of the books as required by the partnership agreement.
The term “independent accountant” is synonymous with a public accountant having no financial stake or other interest in the entity or person on whose statements he has expressed his professional opinion, that, if present, might cause the loss of his *458 objectivity or impartiality or otherwise interfere with the free exercise of his professional judgment. E. Kohler, A Dictionary for Accountants (4th ed. 1970) at 229. Marshall Kelly is a certified public accountant engaged in the practice of accounting since 1952. He is not an employee of the partnership and has no direct interest in it. Moreover, Hons did not produce any evidence that the partners of A. Bertolla & Sons controlled the manner in which Kelly performed his work. Absent such evidence of control, the trial court was correct in concluding that Kelly was an independent accountant.
The work performed by Kelly in arriving at the book value of Angelo and Rudolph Bertolla’s interest consisted of looking at the books of the partnership to determine the net worth of the business. Hons contends that the partnership agreement required Kelly to independently verify the figures in the books, rather than simply to accept, as correct, the figures contained in the books. This contention is without merit. The language of the buy-back provision in the partnership agreement itself required only that an independent accountant examine the books of the business to determine the net worth of the business “as shown by the books.” Although the term “audit” connotes an element of proof and substantiation, clearly the objective of the “audit,” as the term was used in the buyback provision, was simply to arrive at the book value of the business as shown by the books themselves so that the deceased partner’s interest in the partnership could be purchased by the surviving partners at a percentage of the determined book value.
II. Collection of the Assets of Angelo and Rudolph Bertolla’s Estates
Hons alleged in his complaint that the personal representatives of Angelo and Rudolph Bertolla's estates failed or refused to collect all of the assets of those estates. However, after the personal representatives moved for summary judgment and submitted affidavits that set forth facts indicating that all of the assets were collected, Hons failed to argue, or to present any facts in support of, this claim in his brief and affidavit filed in opposition to the motion. Mere allegations in a pleading are not enough to create a genuine issue of material fact once a motion for summary judgment is made with supporting affidavits setting forth evidence contrary to the allegations. Rule 56(e), A.R.Civ.P.
III. The Alleged Improper Conveyances
In 1980 the personal representatives of Angelo and Rudolph Bertolla’s estates deeded certain parcels of real property that were titled in the name of Angelo and Rudolph to the partnership of A. Bertolla & Sons, of which the personal representatives were partners. In his complaint, Hons contended that these actions evidenced self-dealing and a misappropriation of assets by the personal representatives. They maintained, however, that the real property in question was partnership property, although title was in the individual names of Angelo and Rudolph Bertolla.
In their motion for summary judgment, the personal representatives included affidavits and depositions, which established that the lands conveyed by the 1980 deeds were (1) purchased with partnership monies; (2) carried on the partnership books as partnership property; and (3) used in connection with the partnership business, i.e., all income and expenses associated with the land were credited or charged to the partnership, including the taxes on the property. Hons failed to produce any evidence refuting these facts. His claim was based entirely on the theory that because the property was held in the names of Angelo and Rudolph Bertolla, the property belonged to them and not the partnership.
By statute, property is presumed to be that of the partnership if it is purchased with partnership funds, although title may be acquired in the name of an individual partner or partners. Ala.Code 1975, § 10-8-70(b). See also, Bonded Builders & Supply Co. v. Long, 288 Ala. 669, 264 So.2d 518 (1972); Cooper v. Cooper, 289 Ala. 263, 266 So.2d 871 (1972). Hons’s failure to produce any evidence that the property was not purchased with partnership funds or to rebut the above presumption, authorized the trial court to grant *459 summary judgment in favor of the personal representatives on this issue. We affirm.

Appeal No. 86-1599

On February 26, 1987, John Hons filed a complaint in the Circuit Court of Baldwin County, contesting a codicil to the will of Rosa A. Bertolla. The complaint was filed within six months of the date the will was admitted to probate, and named Helen Baroco, in her capacity as executrix of the estate of Rosa Bertolla, as a party. Hons later amended his complaint to include as parties all heirs at law, next of kin, and devisees of the decedent, including Baroco in her individual capacity. The amendment was filed, however, more than six months after the will was admitted to probate. Thereafter, the defendants/ap-pellees to this action filed a motion to dismiss Hons’s amended complaint pursuant to Rule 12(b)(6), A.R.Civ.P. The motion was granted by the trial court, and Hons appeals.
The sole issue on this appeal is whether the trial court lacked jurisdiction to entertain Hons's will contest because he had failed to file a complaint naming all the persons interested in the will of Rosa Ber-tolla as parties to the contest within six months from the date the will was admitted to probate.
The jurisdiction of the circuit court in a will contest is limited because it is statutorily conferred under Ala.Code 1975, § 43-8-199, and proceedings under this statute must comply exactly with its terms in order for the court to have jurisdiction. Simpson v. Jones, 460 So.2d 1282 (Ala. 1984). Section 43-8-199[2] mandates that in order to commence a valid contest of a will already admitted to probate, a person with an interest in the will must file a complaint in the circuit court within six months from the date the will was admitted to probate. Appellees contend that § 43-8-199, when read in conjunction with Ala.Code 1975, § 43-8-200,[3] which states that in the event a will contest is instituted in the circuit court all parties interested in the probate of the will must be made parties to the contest, requires the contestant to name all “interested” parties in his complaint within six months from the date the will was admitted to probate. They maintain that because Hons failed to comply with this requirement, the trial court lacked jurisdiction over the contest and appropriately dismissed his complaint.
Although compliance with the statute conferring upon the circuit court jurisdiction over will contests is essential for the court to have jurisdiction, we cannot hold that tíons failed to comply with the statutory mandates in this case. First, appel-lees’ contention that §§ 43-8-199 and -200 required Hons to name all of the persons interested in the will of Rosa Bertolla as parties to the contest in his complaint within six months from the date the will was admitted to probate is without merit. Section 43-8-200 does not require the contestant to include all such parties in his complaint, and certainly does not require that this be done within the six-month time period set out in § 43-8-199. Nor will we infer such a requirement from those statutes. Section 43-8-200 is merely a codification of the longstanding rule that certain persons, such as devisees, heirs, etc., of the testator are “indispensable parties” to a will contest, and therefore, after a will contest is properly instituted in circuit court, they must be made parties to the contest. See, McMaken v. McMaken, 18 Ala. 576 (1851).
*460 The statute is analogous to the joinder of persons needed for just adjudication as set out in Rule 19, A.R.Civ.P. Once it is determined that a person, not named as a party to the contest, is within one of the categories of “interested” parties listed in § 43-8-200, and is therefore a necessary or indispensable party under the statute, the court must order that he be made a party to the contest. This may occur at any time during the proceedings, whether upon motion by the defendant under Rule 12(b)(7), A.R.Civ.P., or by motion of any party or on the court’s own initiative under Rule 21, A.R.Civ.P. See, Rule 19, A.R.Civ.P., and comments.
The initial complaint filed by Hons on February 26, 1987, properly satisfied the statutory requirements of § 43-8-199, and thus properly instituted the will contest within the jurisdiction of the circuit court. The complaint was filed within six months after the admission of the will to probate, alleged an interest in Rosa Bertolla’s will, contested the validity of the codicil, stated that the will had been admitted to probate, and named Helen Baroco as an adverse party. See, Simpson v. Jones, 460 So.2d 1282, 1285 (Ala.1984). Once the trial court determined that certain persons necessary to the adjudication of the contest were not named as parties in the initial complaint, it was incumbent upon the court to order that such persons be made parties to the contest. Hence, the trial court’s dismissal of Hons’s complaint, which as amended named the additional necessary parties, was erroneous.
The trial court’s dismissal in appeal No. 86-1599 is due to be reversed, and that case is remanded for further proceedings.
NO. 86-1285 AFFIRMED.
NO. 86-1599 REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.

. The provision in effect at the time of Rudolph Bertolla’s death set the purchase price at 100 percent of the book value of the deceased partner’s interest.

. "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."

. "In the event a contest of the probate of a will is instituted in the circuit court, as is or may be authorized by law, all parties interested in the probate of the will, as devisees, legatees or otherwise, as well as those interested in the testator if he had died intestate, as heirs, distributees or next of kin, shall be made parties to the contest, ... and the final judgment in such contest proceedings shall be conclusive as to all matters which were litigated or could have been litigated in such contest; and no further proceedings shall ever be entertained in any courts of this state to probate or contest the probate of such will."