MOORE, Chief Justice.
Norman Ussery[1] appeals from an order entered by the Montgomery Circuit Court dismissing his action in a will contest against Alan Terry (“Alan”), as executor of the estate of Donald R. Terry (“Donald”), deceased. We reverse and remand.

I. Facts and Procedural History

Donald executed a will on October 21, 2010. The will named the following beneficiaries: Ussery, Donald’s godson; Alan, Donald’s nephew; James Harrison Terry (“James”), Donald’s nephew; Alan Reid Terry, Jr. (“Alan Jr.”), Donald’s great-nephew; Monica Jade Terry (“Monica”), Donald’s great-niece; and Truett Harrison Terry (“Truett”), Donald’s great-nephew. The “residuary estate” clause in the will provided that the residuary estate would be divided in equal shares among Ussery, James, and Alan. On May 30, 2014, Donald allegedly executed a fourth codicil (“the codicil”) to his will, in which he revoked three previous codicils (to the extent they had not already been revoked), deleted the residuary-estate clause in the 2010 will, *546 and replaced it with a new residuary-estate clause that reduced Ussery’s share to 10 percent and increased each of James’s and Alan’s shares to 45 percent. Donald died on or about June 9, 2014. The Montgomery Probate Court admitted Donald’s will and the codicil to probate on September 8, 2014.
On March 6, 2015, within six months of the admission of the will and codicil to probate, Ussery filed in the Montgomery Circuit Court a complaint contesting the validity of the codicil and naming Alan, in his capacity as executor of Donald’s estate, as the defendant. The complaint alleged that, at the time the codicil was executed, Donald was incapacitated and unable to communicate with speech, signs, or writing; that Alan had exerted undue influence over Donald; ' and that the codicil was therefore void.[2]
On April 2, 2015, Alan filed a motion to dismiss the complaint for failure to join indispensable parties, namely the beneficiaries specified in the will. See Rule 12(b)(7) and Rule 19, Ala. R. Civ. P., and § 43-8-200, Ala.Code 1975. On April 3, 2015, Ussery filed a “Motion to Add Defendants,” seeking to join as defendants Alan Jr., Monica, and Truett. On April 6, 2015, Ussery amended the motion to also join James. The amended motion stated that “James Harrison Terry was omitted by mistake ... [and] has already been served.” Neither the complaint nor the motions to add defendants attempted to join Alan in his individual capacity as a defendant.
On April 13, 2015, Alan filed an opposition to Ussery’s motion to add defendants, arguing that the will contest should be dismissed for failure to join indispensable parties within the applicable six-month statute of limitations. See § 43-8-199, Ala.Code 1975. On that same date, James opposed Ussery’s amended motion to add him as a defendant and also filed a motion to quash purported service.
On April 28, 2015, the circuit court held a hearing on Alan’s motion to dismiss and directed the parties to file briefs. On May 1, 2015, Ussery filed a brief that, for the first time, requested that Alan be joined as a defendant in his individual capacity. After the submission of briefs, the circuit court issued an order on May 7, 2015, granting Alan’s motion to dismiss but providing no reasoning.
On June 1, 2015, Ussery filed a motion to alter, amend, or vacate the circuit court’s May 7, 2015, order, which the circuit court denied on June 9, 2015. On July 2, 2015, Ussery timely filed his notice of appeal.

II.Standard of Review

“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala.2003). Additionally, “[questions of law are reviewed de novo.” Johnson v. Neal, 39 So.3d 1040, 1042 (Ala.2009).

III.Analysis

Ussery contends that the circuit court’s dismissal of his complaint conflicts with *547 Hons v. A. Bertolla & Sons, 537 So.2d 456 (Ala.1988), a case in which this Court interpreted the application of §§ 43-8-199 and -200, Ala.Code 1975, included in the will-contest provisions of the Code, § 43-8-190 et seq., Ala.Code 1975. Alan argues in response (1) that Ussery appealed as to only one of two grounds that Alan says were the circuit court’s bases for dismissal; (2) that the circuit court ruled that joinder of indispensable parties was not possible and that Ussery failed to appeal that ruling; (3) that the circuit court correctly dismissed the will.contest pursuant to the joinder requirements under the.Alabama Rules of Civil Procedure; and (4) that Hons should be overruled to the extent that it holds that absent parties can be joined beyond the six-month period prescribed by § 43-8-199.
After a will has been admitted to probate,
“[a]ny person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
§ 43-8-199. Additionally,
“[i]n the event a contest of the probate of a will is instituted in the circuit court,.as is or may be authorized by law, all parties interested in the probate of the will, as devisees, legatees or otherwise, as well as those interested in the testator if he had died intestate, as heirs, distributees or next of kin, shall be made parties to the contest....”
§ 43-8-200 (emphasis added). In Hons, the issue before this Court was “whether the trial court lacked jurisdiction to entertain Hons’s will contest because he had failed to file a complaint naming all the persons interested in.the will ... as parties to the contest within six months from the date the will was admitted to probate.” Hons, 537 So.2d at 459. Specifically, the defendants, who were the appellees in Hons, argued that §§ 43-8-199 and -200 should be read together to require that all interested parties in a will contest be named in the complaint within six months of a will’s being admitted to probate. We disagreed:
“[W]e cannot hold that Hons failed to comply with the statutory mandates in this case— Section 43-8-200 does not require the contestant to include alb such parties in his complaint, and certainly does not require that this be done within the six-month time period set out in § 43-8-199. Nor will we infer such a requirement from those statutes. Section 43-8-200 is merely a codification of thé longstanding rule that certain persons, such as devisees, heirs, etc., of the testator are ‘indispensable parties’ to a will contest, and therefore, after a will contest .is. properly instituted in circuit court, they must be made parties to the contest. See, McMaken v. McMaken, 18 Ala. 576 (1851). The statute is analogous to the joinder of persons needed for just adjudication as set out in Rule 19, [Ala.] R. Civ. P. Once it is determined that a person, not named as a party, to the contest, is within one of the categories of ‘interested’ parties listed in § 43-8-200, and is therefore a necessary or indispensable party under the statute, the court, must order that he be made a party to the contest. This may occur at any time during the proceedings, whether upon motion by the defendant under Rule 12(b)(7), [Ala.] R. Civ. P., or by motion of any party or on the court’s own initiative under Rule 21, [Ala.] R. Civ. P. See, Rule 19, [Ala.] R. Civ. P., and comments.
*548 “The initial complaint filed by Hons on February 26, 1987, properly satisfied the statutory requirements of § 43-8-199, and thus properly instituted the will contest within the jurisdiction of the circuit court. The complaint was filed within six months after the admission of the will to probate, alleged an interest in Rosa Bertolla’s will, contested the validity of the codicil, stated that the will had been admitted to probate, and named Helen Baroco as an adverse party. See, Simpson v. Jones, 460 So.2d 1282, 1285 (Ala.1984). Once the trial court determined that certain persons necessary to the adjudication of the contest were not named as parties in the initial complaint, it was incumbent upon the court to order that such persons be made parties to the contest. Hence, the trial court’s dismissal of Hons’s complaint, which as amended named the additional necessary parties, was erroneous.”
Hons, 537 So.2d at 459-60 (some emphasis added). .
Alan first argues that his motion to dismiss was based both on Rule 12(b)(7), for failure to name indispensable parties under Rule 19, and on Rule 12(b)(6), Ala. R. Civ. P., for lack of jurisdiction under Alabama’s will-contest provisions because Ussery failed to name all beneficiaries under the will in accordance with § 43-8-200. Alan contends that Ussery appealed only as to the Rule 12(b)(6) basis for dismissal and that he did not appeal as to the Rule 12(b)(7) and Rule 19 bases for dismissal. Consequently, Alan asserts that one of the circuit court’s bases for dismissal was not appealed and remains final. His argument is not convincing. Both the Rule 12(b)(6) and the Rule 12(b)(7) motions filed by Alan argued that Ussery’s complaint failed to name as a party each of the beneficiaries of the will within six months after the will was admitted to probate. - Ussery’s discussion of Hons thoroughly encompassed the joinder requirements conferred by statute under § 43-8-200. Accordingly, we hold that Ussery addressed both of the grounds asserted in Alan’s motion for a dismissal.
Alan next contends that the circuit court determined the absent beneficiaries could not be joined and that Ussery had waived that issue by failing to address it specifically on appeal. As discussed below, Alan appears to argue that joinder under the Alabama Rules of Civil Procedure conflicts with the statutory requirements prescribed by §§ 43-8-199 and -200. The record fails to show upon what basis the circuit court granted the dismissal. Rather, the circuit court’s order simply stated that the “[mjotion to dismiss ... is hereby granted,” providing no explanation. Moreover, nothing in the record suggests that the circuit court found it infeasible for the absent beneficiaries to be joined pursuant to § 43-8-200 and Rules 19 and 21. Accordingly, we reject this argument.
Next, Alan argues that, although Hons briefly mentioned joinder under the Alabama Rules of Civil Procedure, Hons failed to discuss' the mechanics of how joinder is applied in practice. Alan contends that § 43-8-199 creates a six-month statute-of-limitations period in which a complaint can be filed, that the statute of limitations applies to the joinder of parties under Rule 19, and that the absent beneficiaries under § 43-8-200 who were not joined within six months of the will’s being admitted to probate could not be feasibly joined as parties under the Alabama Rules of Civil Procedure. In other words, he argues that the Alabama Rules of Civil Procedure conflict with Hons interpretation of §§ 43-8-199 and -200, and he asks this Court to apply Rule 15, Ala. R. Civ. P., and Rules 19 and 21 to the present case.
We note that when a complaint is properly filed pursuant to § 43-8-199, all nec *549 essary parties prescribed by § 43-8-200 “shall be made parties to the action.” This is why this Court stated in Hons that “[sjection 43-8-200 does not require the contestant to include all such parties in his complaint, and certainly does not require that this be done within the six-month time period set out in § 43-8-199.” 537 So.2d at 459. All that is required for absent beneficiaries to be joined is that a proper complaint be filed pursuant to § 43-8-199. As we stated in Hons:
“Once it is determined that a person, not named as a party to the contest, is within one of the categories of ‘interested’ parties listed in § 43-8-200, and is therefore a necessary or indispensable party under the statute, the court must order that he be made a party to the contest. This may occur at any time during the proceedings, whether upon motion by the defendant under Rule 12(b)(7), [Ala.] R. Civ. P,, or by motion of any party or on the court’s own initiative under Rule 21, [Ala.] R. Civ. P.”
537 So.2d at 460 (some emphasis added). After Ussery filed his complaint, the circuit court first should have determined whether it was a proper complaint under the provisions of § 43-8-199. Then, if it was determined that the complaint met the statutory requirements, the circuit court, upon appropriate motion, should have joined “interested parties” who were absent.[3] Accordingly, we reject Alan’s argument and hold that joinder under the Alabama Rules of Civil Procedure does not conflict with the interpretation of §§ 43-8-199 and -200 in Hons insofar as a six-month statute of limitations is concerned.
Finally, Alan argues that the circuit court lacked jurisdiction, contending that the failure to make parties to the will contest “all parties interested in the probate of the will” under § 43-8-200 within six months, as he says § 43-8-199 requires, divested the circuit court of jurisdiction. He asserts that Simpson v. Jones, 460 So.2d 1282 (Ala.1984), and Evans v. Waddell, 689 So.2d 23 (Ala.1997), control, and he asks us to overrule Hons. However, the cited cases are distinguishable because in those a proper will contest was not filed within the six-month period, as required by § 43-8-199. Moreover, Hons is in harmony with those decisions, even citing Simpson and analyzing § 43-8-199 under the Simpson framework. We see no need to overrule Hons. Just as Hons held that the will contest in that case was statutorily compliant, Ussery’s complaint satisfied the requirements of §§ 43-8-199 and -200. Ussery alleged an interest in the will by asserting he was one of Donald’s “heirs and beneficiaries” under the will. Ussery contested the validity of the codicil by alleging that it was void. Ussery’s complaint was also filed in the Montgomery Circuit Court within six months of the admission of the will to probate; it named Alan, as executor of Donald’s estate, as the adverse party; and it asserted that the will had been admitted to probate. Therefore, based upon Hons, we hold that the six-month period prescribed in § 43-8-199 does not preclude the joinder of necessary parties under § 43-8-200 beyond that six-month period.

TV. Conclusion

We reverse the judgment of the circuit court and remand the cause for proceedings consistent with this opinion.
*550 REVERSED AND REMANDED.
BOLIN, MURDOCK, MAIN, and BRYAN, JJ., concur.

. The appellant’s last name is spelled in the record both as "Usser y” and "Ussre y.” Consistent with the notice of appeal and the briefs before us, we will spell the appellant’s name "Ussery.”

. Also on March 6, 2015, Ussery filed a petition to remove the estate from the Montgomery Probate Court to. the Montgomery Circuit Court.

, As noted, Ussery’s complaint contests the will and specifically the codicil. It would appear that only the executor and the persons who would be affected by the validity or invalidity of the will and the codicil would be necessary parties to the contest. This may include other persons who were beneficiaries under previous codicils the codicil purports to revoke. (The record is not sufficient to determine those beneficiaries.)