SHAW, Justice.
Lisa Wilson, the plaintiff below, appeals from the dismissal of her complaint seeking damages against the defendants, University *675 of Alabama Health Services Foundation, P.C. ("UAHSF"); Carla Falkson, M.D.; Tina Wood, M.D.; Ravi Kumar Paluri, M.D.; and Mollie DeShazo, M.D., based on the tort of outrage. We reverse and remand.
Facts and Procedural History
In February 2017, Wilson sued UAHSF and its employees, Dr. Falkson, Dr. Wood, Dr. Paluri, and Dr. DeShazo (hereinafter referred to collectively as "the doctors"), in the Jefferson Circuit Court. Wilson's complaint alleged that, in late 2011, her elderly mother, Elizabeth Monk Wilson ("Elizabeth"), was diagnosed with and underwent treatment for colon cancer. According to Wilson, before the onset of Elizabeth's illness, Elizabeth had executed an advanced health-care directive that "instruct[ed] ... caregivers to use all available means to preserve [Elizabeth's] life" and further named Wilson as Elizabeth's health-care proxy "in the event [Elizabeth] became 'too sick to speak for' herself."
Elizabeth subsequently suffered a recurrence of her cancer. In August 2015, she was admitted to the University of Alabama at Birmingham Hospital, a facility operated by UAHSF. In her complaint, Wilson alleged that, while Elizabeth was in the hospital, she was treated by the doctors. She further alleged that the doctors made numerous and repeated tactless comments to Elizabeth and Wilson about Elizabeth's condition and her impending death, and to the effect that she was wasting resources by being in the hospital instead of dying at home. The complaint provides a long, extremely detailed discussion of countless alleged egregious statements made to Elizabeth and Wilson and numerous altercations between Wilson and Elizabeth, on the one hand, and the doctors, on the other. We see no need to repeat those allegations here. The complaint further details the alleged physical and mental distress experienced by both Elizabeth and Wilson in response to the doctors' alleged conduct.
Based on the foregoing, Wilson's complaint alleged a single claim for damages "for the tort of outrage, and for the tort of intentional infliction of emotional distress"[1] and sought compensatory and punitive damages. Wilson sought to hold UAHSF vicariously liable for the alleged conduct of the doctors, which conduct, she alleged, occurred within the line and scope of the doctors' employment with UAHSF.
In response, UAHSF and the doctors jointly moved to dismiss Wilson's complaint pursuant to Rule 12(b)(6), Ala. R. Civ. P. More specifically, in addition to denying that the conduct Wilson attributed to them had ever occurred, they argued that Alabama law recognizes the tort of outrage only in certain narrowly defined circumstances not applicable in the instant case. See Callens v. Jefferson Cty. Nursing Home, 769 So.2d 273, 281 (Ala. 2000). They further argued that this Court has repeatedly rejected the expansion of the tort of outrage to encompass "alleged extreme behavior in the healthcare context." See, e.g., Grantham v. Vanderzyl, 802 So.2d 1077 (Ala. 2001) ; Callens, supra ; and Gallups v. Cotter, 534 So.2d 585, 588 (Ala. 1988). Thus, according to UAHSF and the doctors, Wilson's claim was unsupported by Alabama law and represented an "attempt to expand the scope of [the] tort" and, therefore, failed to state a claim as a matter of law.
*676 The trial court dismissed the action, stating:
"In considering the defendants' motion, the court regards the allegations in the complaint as true. Those allegations paint a picture of egregious misconduct. The Alabama Supreme Court, however, has made clear that the tort of intentional infliction of emotional distress, or outrage, is limited to three situations, none of which applies here. It will be up to the Supreme Court to decide whether to expand that tort's applicability to the circumstances presented here."
Wilson appeals.
Standard of Review
" 'In Nance v. Matthews, 622 So.2d 297 (Ala. 1993), this Court stated the standard of review applicable to a ruling on a motion to dismiss:
" ' "On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6) [, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."
" ' 622 So. 2d at 299 (citations omitted).'
" Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala. 2004)."
Ex parte Troy Univ., 961 So.2d 105, 108 (Ala. 2006).
Discussion
In their brief, the doctors deny that they were "heartless or insulting" during their interactions with Wilson and Elizabeth. Nevertheless, the standard of review in this type case requires that we accept as true the allegations in the complaint, however implausible:
"At the motion-to-dismiss stage, however, a court's ability to pick and choose which allegations of the complaint to accept as true is constrained by Alabama's broad and well settled standard for the dismissal of claims under Rule 12(b)(6).... [O]ur standard of review does not permit this Court to consider the plausibility of the allegations. Rather, in considering whether a complaint is sufficient to withstand a motion to dismiss, we must take the allegations of the complaint as true, Ussery v. Terry, 201 So.3d 544, 546 (Ala. 2016) ; we do not consider ' "whether the pleader will ultimately prevail but whether the pleader may possibly prevail," ' Daniel v. Moye, 224 So.3d 115, 127 (Ala. 2016) (quoting Newman v. Savas, 878 So.2d 1147, 1149 (Ala. 2003) (emphasis added)); and '[w]e construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff.' Daniel, 224 So.3d at 127."
Ex parte Austal USA, LLC, 233 So.3d 975, 981 (Ala. 2017).
For a plaintiff to recover under the tort of outrage, she must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it. Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38, 44 (Ala. 1990). The conduct complained of must "be so extreme in degree as to go beyond all possible bounds of decency and *677 be regarded as atrocious and utterly intolerable in a civilized society." Id.
This Court has previously recognized the tort of outrage in three circumstances:
"The tort of outrage is an extremely limited cause of action. It is so limited that this Court has recognized it in regard to only three kinds of conduct: (1) wrongful conduct in the family-burial context, Whitt v. Hulsey, 519 So.2d 901 (Ala. 1987) ; (2) barbaric methods employed to coerce an insurance settlement, National Sec. Fire & Cas. Co. v. Bowen, 447 So.2d 133 (Ala. 1983) ; and (3) egregious sexual harassment, Busby v. Truswal Sys. Corp., 551 So.2d 322 (Ala. 1989). See also Michael L. Roberts and Gregory S. Cusimano, Alabama Tort Law, § 23.0 (2d ed. 1996)."
Potts v. Hayes, 771 So.2d 462, 465 (Ala. 2000). However, as Wilson notes in her brief, this Court has not held that the tort of outrage can exist in only those three circumstances:
"That is not to say, however, that the tort of outrage is viable in only the three circumstances noted in Potts. Recently, this Court affirmed a judgment on a tort-of-outrage claim asserted against a family physician who, when asked by a teenage boy's mother to counsel the boy concerning his stress over his parents' divorce, instead began exchanging addictive prescription drugs for homosexual sex for a number of years, resulting in the boy's drug addiction. See O'Rear v. B.H., 69 So.3d 106 (Ala. 2011). It is clear, however, that the tort of outrage is viable only when the conduct is ' "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." ' Horne v. TGM Assocs., L.P., 56 So.3d 615, 631 (Ala. 2010) (quoting [American Road Service Co. v.] Inmon, 394 So. 2d [361, 365 (Ala. 1980) ] )."
Little v. Robinson, 72 So.3d 1168, 1172-73 (Ala. 2011) (emphasis added).
The trial court's holding that the tort of outrage "is limited to three situations" is an incorrect statement of the law. As noted in Little, the tort can be viable outside the context of the above-identified circumstances and has previously been held to be so viable. We therefore reverse the trial court's judgment and remand the case for further proceedings where the trial court should, under the standard appropriate for a motion to dismiss under Rule 12(b)(6), determine whether the alleged conduct was "so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society." Green Tree, 771 So.2d at 465.
Conclusion
The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, C.J., and Parker, Main, Wise, and Bryan, JJ., concur.
Bolin, Murdock, and Sellers, JJ., dissent.

As UAHSF and the doctors explained in the trial court, although Wilson's complaint includes claims of both the tort of outrage and the intentional infliction of emotional distress, "the tort of outrage is the same cause of action as intentional infliction of emotional distress." Thomas v. Williams, 21 So.3d 1234, 1237 (Ala. Civ. App. 2008).