MOORE, Judge.
Ameena Baig appeals from a judgment entered by the Montgomery Circuit Court ("the trial court") dismissing her complaint against Ala-Tune. We reverse the trial court's judgment.
Procedural History
On February 2, 2018, Baig filed in the trial court a complaint against Coliseum Motor Company ("Coliseum") and Ala-Tune, alleging, in part:
"6. On August 18, 2017, [Baig] purchased from Coliseum a used 2010 Nissan Altima [automobile] [for] the amount of $5,200 in cash.
"7. On August 31, 2017, just thirteen days later, that vehicle broke down and became inoperable.
"8. [Baig] ... had the vehicle towed to Coliseum to have the company assess the vehicle's condition and determine [the] next steps, as [Baig had] signed a warranty for the vehicle.
*291 "9. On or about October 3, 2017, [Baig] filed a lawsuit in the Montgomery County District-Civil Division [ (the district court) ] against Coliseum, seeking damages related to the vehicle.
"10. At some point within the next few ... weeks, in Montgomery County, Alabama, Coliseum unlawfully converted [Baig's] vehicle to Ala-Tune, without [Baig's] knowledge or permission. [Baig] did not discover this fact until several months later, as detailed below.
"11. On December 19, 2017, [Baig's] case was heard before [the district court].
"12. During that hearing, [the district court] instructed Coliseum, via its employee/agent Michael Babston, to return title and possession of the vehicle at issue back over to [Baig].
"13. At that time, Coliseum ..., via Mr. Babston, did provide ... Baig with title of the vehicle.
"14. However, since the hearing concluded, Coliseum, via its employee Mr. Babston, has refused to provide [Baig] with the vehicle itself.
"15. In early-January 2018, just past the 14 day cut-off to file a timely post-judgment motion in [the district] [c]ourt, [Baig] learned for the first time that her vehicle was unlawfully in the possession of Ala-Tune and that Ala-Tune was illegally demanding a 'storage fee' for release of the vehicle.
"16. [Baig] filed a post-judgment motion with [the district court] to request [that court] to compel Coliseum to return the vehicle to [Baig;] however[,] due to the untimeliness of the motion, [Baig's] motion was denied.
"17. [Baig] has NEVER, at any time, received ANY written notice whatsoever from Coliseum that her vehicle was transferred to Ala-Tune. [Baig] has NEVER, at any time, received ANY written notice whatsoever from Ala-Tune that it has possession of her vehicle and/or is holding it for a 'storage fee.'
"18. [Baig] believes that this 'storage fee' is illegally being used as a ransom by Coliseum and/or Ala-Tune with the intent to deprive her of possession of the vehicle. The principal of Ala-Tune, Joseph Bocchino, verbalized to [Baig] that he intended to gain possession of the vehicle, which is illegal given that [Baig] is the lawful titleholder and owner of the vehicle.
"19. Given this statement by Mr. Bocchino and the actions of him and Mr. Babston, [Baig] believes that the two may be acting in concert to hold the vehicle for a ransom with the intent to steal the vehicle[,] which she legally owns and has title to.
"20. To date, which is close to two month[s] since the [district court] hearing concluded, Ala-Tune still has not provided [Baig] written notice of the 'storage fee' amount.
"21. [Baig] has taken every imaginable step to recover possession of her vehicle, even contacting the local police department to enlist their help. They require a court order to compel Coliseum and/or Ala-tune to return [Baig's] vehicle to her.
"22. [Baig] intended to re-sell the vehicle and/or its parts to a buyer she had lined up[;] however, due to Coliseum and/or Ala-Tune's unlawful possession of the vehicle, that sale fell through.
"23. [Baig] has no other choice but to file this Complaint against both Coliseum and Ala-Tune to request relief from this Honorable Court."
(Capitalization in original.)
Baig specifically requested, among other things, a judgment for the market value of the vehicle, the return of her vehicle, and punitive damages. On March 2, 2018, service was perfected on Ala-Tune.
*292 On March 20, 2018, Coliseum filed a motion to dismiss the complaint. On April 18, 2018, Ala-Tune filed a response to the complaint. That response stated:
"I Joey Bocchino (owner of Alatune Auto Repair) was call[ed] in September 2017 to tow away a 2010 Nissan Altima by Donna Bozeman[,] the owner of Coliseum[,] ... from her car lot. I was told that the owner knew where her car was being stored and Mrs. Bozeman made the owner aware that we were charging a storage fee on a daily basis. At the time the owner was involved in a law suit with Mrs. Bozeman. After the owner lost the case she then made false allegations that I was going to jail for stealing her car when she knew where it was the entire time. I have been in business for 35 years. I have never stole anyone's car. I am still storing the car on my lot at this time. The owner ... called me one time and I explained everything to her and she said she was getting the money together to pick up her car so I have not filed the car abandon at this time."
On May 2, 2018, the trial court entered an order granting Coliseum's motion to dismiss. On May 14, 2018, the trial court entered a judgment stating: "This case is hereby DISMISSED as to all parties in the above-styled cause." (Capitalization in original.)
On May 16, 2018, Baig filed a motion to strike Ala-Tune's untimely response and requested that the trial court enter a default judgment or, in the alternative, enter a prejudgment writ of seizure against Ala-Tune. On May 30, 2018, Baig filed a motion requesting that the trial court "reconsider" the judgment of dismissal. Baig filed a second motion to "reconsider" on June 1, 2018. On June 21, 2018, Baig filed her notice of appeal to this court. This court transferred the appeal to the Alabama Supreme Court for lack of appellate jurisdiction; that court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
Standard of Review
"[I]n considering whether a complaint is sufficient to withstand a motion to dismiss, we must take the allegations of the complaint as true, Ussery v. Terry, 201 So.3d 544, 546 (Ala. 2016) ; we do not consider ' "whether the pleader will ultimately prevail but whether the pleader may possibly prevail," ' Daniel v. Moye, 224 So.3d 115, 127 (Ala. 2016) (quoting Newman v. Savas, 878 So.2d 1147, 1149 (Ala. 2003) (emphasis added) ); and '[w]e construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff.' Daniel, 224 So.3d at 127."
Ex parte Austal USA, LLC, 233 So.3d 975, 981 (Ala. 2017).
Discussion
On appeal, Baig argues that, because Ala-Tune filed its response more than 30 days after it was served with Baig's complaint, the trial court should have granted her motion to strike Ala-Tune's response and entered a default judgment or, in the alternative, granted her request for a prejudgment writ of seizure. In support of her argument, Baig cites Rules 55(a) and (b)(2), Ala. R. Civ. P., which, respectively, provide for the entry of a default by the clerk of the trial court and the entry of a default judgment by the trial court. We note, however:
"[I]t is well settled that an entry of a default judgment under Rule 55(b)(2), Ala. R. Civ. P., is a matter entrusted to the sound discretion of the trial court. Roberts [v. Wettlin], [431 So.2d 524,] 526 [ (Ala. 1983) ] ; and see, McBride v. McBride, 380 So.2d 886 (Ala. Civ. App. 1980), and Welch v. G.F.C. Credit Corp., 336 So.2d 1346 (Ala. Civ. App. 1976).
"Also, a movant is not entitled to a default judgment as a matter of right. Welch, 336 So.2d at 1349."
*293 City of Gulf Shores v. Harbert Int'l, 608 So.2d 348, 357-58 (Ala. 1992) (footnote omitted).
Because Baig was not entitled to a default judgment as a matter of right simply because Ala-Tune responded to Baig's complaint 16 days late, we cannot conclude that the trial court exceeded its discretion in declining to enter a default judgment in Baig's favor. Gulf Shores, 608 So.2d at 357-58.
Baig also argues that the trial court erred in dismissing the complaint against Ala-Tune because, she says, Ala-Tune failed to detail in its response any defense pursuant to Rule 12(b), Ala. R. Civ. P. Rule 12(b) provides:
"Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19[, Ala. R. Civ. P.]. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, [Ala. R. Civ. P.,] and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Having reviewed the response filed by Ala-Tune as quoted above, we cannot conclude that that response could be construed as a motion to dismiss. Ala-Tune's response does not assert that, even "tak[ing] the allegations of the complaint as true," Baig may not " ' "possibly prevail." ' " Austal, 233 So.3d at 981 (emphasis omitted). Instead, it offers Ala-Tune's version of the facts in contradiction to Baig's asserted facts. Because Ala-Tune's response does not meet the requirements of Rule 12(b), we conclude that the trial court erred in dismissing Baig's complaint against Ala-Tune.
Baig also argues that the trial court erred in dismissing the complaint against Ala-Tune because, she says, Ala-Tune's response was untimely pursuant to Rule 12(a), Ala. R. Civ. P. Because we have already determined that the trial court's judgment dismissing the complaint against Ala-Tune was in error, we pretermit discussion of this argument.
Conclusion
Based on the foregoing, we reverse the trial court's judgment dismissing Baig's complaint against Ala-Tune, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.