BOLIN, Justice.
The heirs of Bessie Mae Turner and Claude Wilbur Moye appeal from the Es-cambia Circuit Court’s dismissal of their claims in these separate but almost identical actions contesting, respectively, the validity of Turner’s and Moye’s wills. We have consolidated these cases for the purpose of writing one opinion.
*118 Facts and Procedural History
1.The Wills
Bessie Mae Turner was born on July 17, 1914, and resided in Escambia County. Bessie was a widower and had no children. On June 3, 1994, Bessie executed a will leaving her entire estate to a nephew, Claude Wilbur Moye. On May 17, 2010, Bessie executed a new will and revoked all former wills. In the May 2010 will, Bessie left her entire estate to Claude Michael Moye and his wife, Barbara. She also named Michael as the executor of the May 2010 will. Michael was Claude’s son and Bessie’s grandnephew. Michael testified in his affidavit that Bessie changed her will because Claude, who was 75 years old at the time, was having some health problems and difficulty managing his finances. Claude was also going through a divorce. Michael testified that Bessie owned a certificate of deposit (“CD”) in which Claude had an interest and that Bessie did not want her interest in the CD, or any of her property, to become entangled in Claude’s divorce. Michael further testified that Bessie knew that Claude had his own estate and did not need any of hers.
Bessie died on January 17, 2012, leaving the following individuals, in addition to Claude, as her heirs at law:
1. Ronald Higdon, a nephew;
2. Karen Higdon Krienke, a niece;
3. Kathy Higdon St. Clair, a niece;
4. Gertrude Moye Smith, a niece;
5. Gladys Moye Stanton, a niece;
6. Willanette Moye Troutman, a niece;
7. Alan Helton, a grandnephew;
8. Linda Helton Farr, a grandniece; and
9. Roger Helton, a grandnephew.
Claude was a resident of Escambia County and had been married several times. Those marriages produced four children in addition to Michael: Susanne Moye Daniel, Mishalene Moye Coker, Garry Duff Moye, and Sherrin Moye Thomas. Michael and Barbara lived in a mobile home located in Claude’s backyard. Michael testified that he and Barbara visited with Claude on a daily basis and talked to him several times a day. Michael stated that Claude was “hardly ever out of [their] sight” and that none of his siblings had ever enjoyed as close of a relationship with Claude as he had.
On March 10, 2010, Claude executed his will. Although Claude made provisions in the will for all of his children, the will substantially favored Michael. Claude also named Michael the executor of the will. On February 9, 2012, Claude fell critically ill and subsequently died on February 26, 2012.
On February 11, 2012, Michael petitioned the Probate Court of Escambia County to admit Bessie’s will to probate. Despite the existence of numerous other heirs at law of Bessie’s, Michael represented in the verified petition to admit the will to probate that he and his wife Barbara were Bessie’s only heirs and next of kin. Both Michael and Barbara signed a waiver of notice of the petition to probate the will. On February 14, 2012, the probate court entered an order admitting the will to probate and issued Michael letters testamentary.
On March 28, 2012, Michael petitioned the probate court to admit Claude’s will to probate and to issue letters testamentary. On June 26, 2012, the probate court entered an order admitting Claude’s will to probate and issuing letters testamentary to Michael.
II. The Challenges to the Wills
A, Claude’s Will (Case No. 1140819)
On June 26, 2012, the same date the probate court admitted Claude’s will to probate and issued letters testamentary, *119 Susanne Moye Daniel, a daughter of Claude’s and an heir and distributee under the will, filed in the probate court pursuant to § 12-11-41, Ala. Code 1975, a document entitled “Petition for Removal to Circuit Court,” alleging that Claude’s estate could be better administered in the circuit court in light of her belief that Claude lacked the requisite testamentary capacity at the time he executed his March 10, 2010, will and/or that Claude was under the undue influence of Michael, thereby rendering the will void and unenforceable. The petition' seeking removal of Claude’s estate from the probate court to the circuit court was designated as a “Petition for Removal to' Circuit Court”; was captioned and designated as being “In the Probate Court for Escambia County, Alabama”; stated the title of the case as “Estate of Claude Wilbur Moye, deceased”; and set forth the case number as 1712. The petition seeking removal of Claude’s estate from the probate court to the circuit court also provided that the filing fee payable to the “Circuit Court of Escambia County” was being submitted with the document. The probate court did not enter any order with , regard to this petition.
On that same day, an identical copy of the same petition seeking removal .of Claude’s estate from the probate court to the circuit court, along with the contents of the probate court’s file, was subsequently stamped filed and scanned into the circuit court clerk’s office files.[1] The circuit clerk assigned the matter case no. CV-2012-57.
On June 29, 2012, Michael responded to the petition to remove Claude’s estate to the circuit court, admitting that Claude’s estate could be better administered in the circuit court; denying that Claude lacked the requisite testamentary capacity when he executed his March 10, 2010, will; and denying that he had exerted any undue influence upon Claude in making the will. Michael’s response to the petition for removal of Claude’s estate to the circuit court was stamped filed in both the probate court and the circuit court and was designated as being “In the Probate Court of Escambia County, Alabama.” Michael stated that he filed the response to the petition for removal in the probate court because that is where the petition for removal to the circuit court was originally filed. Michael contends that, without his Consent or thé consent of his attorneys and without notice to him or his attorneys, a member of the probate court’s staff walked his response to the petition for removal to the circuit court clerk’s office, where it was stamped filed. Although the circuit court never entered an order removing Claude’s estate to that court, the parties and the matter moved forward in that court.
On August 7, 2012, Susanne, Mishalene, Garry, and Sherrin (hereinafter sometimes collectively referred to as “the contestants of Claude’s will”) filed in the circuit court a petition contesting the .validity of Claude’s will. The petition was styled “In Re: The Estate of Claude Wilbur Moye, Deceased” and provided:
“Come now Susanne Moye Daniel, Mishalene Moye Coker, Garry Duff and Sherrin Moye Thomas, each an heir at law and next of kin of decedent herein, by and through counsel, and set forth within the Petition contesting the validity of the purported Last Will and Testament of Claude Wilbur Moye, deceased, on the basis that decedent lacked the requisite testamentary capacity on the *120 date of his purported execution thereof on March 10, 2010, and/or that decedent was under the undue influence of Claude Michael Moye and/or Barbara Moye, thereby rendering said Will void and unenforceable, pursuant to Ala. Code [1975,] § 43-8-190, et seq. It is hereby further set forth as follows:
“1. Upon information and belief, decedent was of unsound mind as of March 10, 2010, as he had for a period of time prior thereto suffered from dementia, and/or a cerebral vascular accident (i.e., stroke) and/or traumatic head injury, all of which negatively affected his rational thought processes. Accordingly, decedent lacked sufficient testamentary capacity under Alabama law.
“2. In addition, upon information and belief, Claude Michael Moye and/or his wife, Barbara Moye, exerted undue influence and/or coercion upon the decedent and/or misled him in the course of the subject Will’s preparation and/or execution. Accordingly, such Will is due to be invalidated under applicable Alabama law.
‘Wherefore, Petitioners pray that the within matter be placed on the jury docket of this Honorable Court; they further pray that the aforesaid Will be declared invalid; and they pray for such other, further, and different relief to which they [may] be entitled.”
The petition contesting Claude’s will was served upon the attorney of record for Michael.
On August 9, 2012, Michael and Barbara (hereinafter sometimes collectively referred to as “the proponents of Claude’s will”) filed their answer to the petition contesting the validity of Claude’s will, admitting that the will had been admitted to probate in the probate court, denying that Claude lacked testamentary capacity at the time he executed the will, and further denying that they had exerted undue influence over Claude.
On August 9, 2012, the contestants of Claude’s will amended their petition contesting the validity of Claude’s will to delete Sherrin as a petitioner, noting that she “wishes to remain a party ... as an interested and/or necessary and/or indispensable party ... pursuant to Rule 19, Ala. R. Civ. P., but does not wish to join her other three siblings ... as a contestant with respect to the validity” of Claude’s will or with respect to any other adversarial allegations against Michael and Barbara. The contestants of Claude’s will[2] also added a claim alleging that Michael and Barbara, through undue influence, had “availed themselves of certain assets of decedent during his life to the exclusion and/or financial detriment of his other four adult children.” Among the relief requested by the contestants of Claude’s will in their amended petition, they asked “that the Letters Testamentary issued unto Claude Michael Moye be rescinded and a successor Personal Representative be duly appointed” and that an accounting be ordered with respect to the inter vivos transfers from Claude to Michael and Barbara as the result of the alleged undue influence. Service of process was requested in the amended petition to be made upon Barbara but not Michael.
The proponents of Claude’s will answered the amended petition contesting the validity of Claude’s will admitting that the will had been admitted to probate, generally denying the substantive allega *121 tions that Claude lacked testamentary capacity and that they had exercised undue influence over him and stating that the petition contesting the validity of Claude’s will failed to state a cause of action upon which relief could be granted. For approximately the next 18 months the parties engaged in extensive and contentious discovery and litigation.
On February 24, 2014, the contestants of Claude’s will petitioned the circuit court pursuant to § 43-2-293, Ala. Code 1975, seeking again to remove Michael from his position as the personal representative of Claude’s estate and alleging that Michael had shown by his conduct that he was not a suitable person to have charge and control of Claude’s estate. Specifically, the contestants of Claude’s will alleged that Michael had taken action that was openly hostile to Claude’s beneficiaries and/or heirs at law in a separate will contest involving Bessie’s will.[3] The contestants of Claude’s will stated that Michael and Barbara had attempted to deprive Claude’s heirs of property they may be rightfully entitled to inherit. Claude was an heir at law to Bessie’s estate because he was living at the time of Bessie’s death. Thus, the contestants to Claude’s will stand potentially to benefit from Bessie’s estate if her will of May 17, 2010, in which she left her entire estate to Michael and Barbara, is invalidated. The contestants of Claude’s will contended that because Michael and Barbara were the sole beneficiaries under Bessie’s May 17, 2010, will, Michael and Barbara had moved to dismiss the action challenging the validity of Bessie’s May 17, 2010, will. Therefore, the contestants of Claude’s will contended that Michael is not a suitable person to have charge and control of Claude’s estate.
On March 21, 2014, Michael filed a response in opposition to the petition to remove him as the personal representative of Claude’s estate, arguing, among other things, that no valid will contest was pending with regard to Claude’s estate; that he was a suitable person to have charge and control of Claude’s estate; that Bessie’s will was valid and his refusal to pursue a contest of that will does not constitute misconduct; that the contestants of Claude’s will were not heirs and next of kin of Bessie’s, nor were they named in her will; and that, if the contestants of Claude’s will were dismissed as contestants of Bessie’s will, their dismissal would not effect the contest of Bessie’s will, which was also brought by others who are the real parties in interest.
On May 20, 2014, the proponents of Claude’s will moved the circuit court to strike all pleadings purporting to initiate or be part of a “will contest” and to dismiss the will contest, stating that no proper will contest was pending in the circuit court and that the circuit court had no jurisdiction over a will contest in this case. The proponents of Claude’s will argued in their brief in support of their petition to dismiss the will contest that the petition and the amended petition challenging the validity of Claude’s will failed to satisfy pleading requirements for a will contest in that they contained no instructions or information with regard to service of process and failed to name adverse parties upon whom service of process could have been made. On June 23, 2014, the contestants of Claude’s will filed a motion in opposition to the motion to strike all pleadings purporting to initiate a “will contest” and a motion to dismiss arguing, among, other things, that the motion to strike was untimely; *122 that the proponents of Claude’s will had waived any jurisdictional challenge or insufficiency of process by failing to raise the issue in their first responsive pleading; and that the petition and the amended' petition challenging the validity of Claude’s' will adequately asserted a claim contesting Claude’s will.
Following a hearing on the motion filed by the proponents of Claudé’s will to strike all pleadings purporting to initiate a “will contest” and to dismiss the will contest for., lack of jurisdiction, the circuit court, on April 1, 2015, entered a lengthy and detailed order in which it made findings of fact and conclusions of law and determined that it lacked subject-matter jurisdiction over the challenge to the validity of Claude’s will. The circuit court stated, in part:
“This Court lacks subject matter jurisdiction over the Contestants’ purported will contest. There was no valid transfer of a will contest from probate court to the circuit court under §§ 43—8— 190 and —198[, Ala. Code 1975,] and there was no valid complaint contesting the validity of Claude Wilbur Moye’s Last Will and Testament filed in this' Court. This Court does not have subject matter jurisdiction under § 43-8-198 via transfer. This Court does not have subject matter jurisdiction under § 12—11— 41[, Ala. Code 1975,] because no petition for removal of administration was filed in this Court and no order of removal' has been entered by this Court. This Court does not have subject matter jurisdiction under § 43-8-199[, Ala. Code 1975,] because no valid complaint contesting the validity of the Last Will and Testament of Claude Wilbur Moye was filed in this Court according to the requirements listed and identified by the Alabama Supreme Court in Simpson [v. Jones, 460 So.2d 1282 (Ala. 1984) ].”
The contestants of Claude’s will appeal.
B. Bessie’s Will (Case No. 1140820)
On August 1, 2012, Bessie’s heirs at law and the contestants of Claude’s will petitioned the probate court to revoke the letters testamentary issued by that court, alleging that the issuance of letters testamentary and the admission of Bessie’s will to probate were invalid. Specifically, the petitioners alleged that the probate court had not been accurately informed as to the correct number and identity of Bessie’s heirs at law and that, therefore, proper notice of the proceedings had not-been provided to Bessie’s heirs and next of kin as required by § 43-8-164, Ala. Code 1975. The: petition also asserted that Michael, who had offered Bessie’s will to probate and who had represented that -he and his wife, Barbara," were the “heirs and next of kin” of Bessie’s, was himself not a proper heir at law of Bessie’s.[4]
On August 9, 2012, the contestants of Claude’s will (Susanne Daniel,' Mishalene Coker, and Garry Duff Moye), along with Bessie’s heirs at law and next of kin Gertrude Moye Smith, Gladys Moye Stanton, Willanette Moye Troutman, Ronald Hig-don, Karen Higdon Krienke, and Kathy Higdon St. Clair (hereinafter collectively referred to as “the contestants of Bessie’s will”), filed in the probate court a “Petition for Removal to Circuit Court and Contest of Validity of Will.” The petition was captioned and designated as being “In the Probate Court for Escambia County, Alabama”; stated the title of the case as “In *123 Re: The Estate of Bessie Mae Turner, Deceased”; and set forth the case number as 9695. The “Petition for Removal to Circuit Court and Contest of Validity of Will” alleged:
"Comes now [the contestants of Bessie’s will], each an heir at law and next of kin of decedent herein .., and set forth within the Petition for Removal of this matter untó the Escambia County, Alabama Circuit Court, pursuant to Ala. Code [1975], Section 12—IT—[41], as amended, and submit that in the collective opinion of the Petitioners ... the Estate of Bessie Mae Turner, deceased, can be better administered in said Circuit Court, particularly in light of Petitioners’ belief that decedent lacked the requisite testamentary capacity on the date" of her purported execution of -the Last Will and Testament proffered herein by Claude Michael Moye dated May 17, 2010, and/or that decedent was under the undue influence of Claude Michael Moye and/or Barbara Moye, thereby rendering said Will void and unenforceable, pursuant to Ala. Code [1975], § 43-8-190, et seq. -It is hereby further set forth as follows:
“1, Upon information and belief, decedent was of unsound mind as of May 17, 2010, as she had for a period of time prior thereto suffered from dementia, which negatively affected her rational thought processes.
“2. In addition, upon information and belief, Claude Michael Moye and/or his wife, Barbara Moye, exerted undue influence and/or coercion upon decedent and/or misled her in the course of the subject Will’s preparation and/or execution. Accordingly, such Will is due to be invalidated under applicable Alabama law.
“Wherefore, Petitioners pray that this cause be removed unto the Circuit Court of Escambia County, Alabama, the base filing fee of $379 payable unto ‘Circuit Court of Escambia Count^ being submitted herewith; they further pray that the aforesaid Will be declared invalid; and they pray for such other, further and different relief'to which they be entitled.”
It is important to note that the probate court, properly, did not enter any order on the petition for removal and to contest Bessie’s will.
On August 10, 2012, a duplicate copy of the “Petition for Removal to Circuit Court and Contest of Validity of Will” filed in the probate court was stamped filed in the circuit court clerk’s office.[5] The evidence suggests that the appropriate circuit court filing fee was paid at the time the petition was filed and that the contents of the probate court’s file were scanned into the circuit court clerk’s files. The circuit clerk assigned the matter case no, CV-2012-74, Later, on that same date, the contestants of Bessie’s will filed electronically in the circuit court an amended and restated petition contesting Bessie’s will. The amended petition contesting the validity of Bessie’s will was designated as being in the “Circuit Court for Escambia County, Alabama” and was styled' as “In Re: The Estate of Bessie Mae Turner, Deceased." The amended petition alleged that Bessie lacked testamentary capacity, that Michael and Barbara had exerted undue influence and/or coercion upon Bessie during the course of the preparation of the will, and that the will was void and unenforceable *124 pursuant to Ala. Code 1975, § 43-8-199 et seq. Additionally, the amended petition asserted an additional claim alleging that Michael and Barbara, through undue influence, had “availed themselves of certain assets of decedent during her life to the exclusion and/or financial detriment of her other heirs at law and next of kin”; requested that Bessie’s will be declared invalid; requested that the letters testamentary issued to Michael be revoked and a successor personal representative appointed; requested that Barbara be joined as a party pursuant to Rule 19, Ala. R. Civ. P.; and sought the recovery of assets along with a full accounting. Finally, service of process was requested in the amended petition to be made upon Barbara; the amended petition was silent as to service upon Michael.
On August 13, 2012, Michael and Barbara (hereinafter sometimes collectively referred to as “the proponents of Bessie’s will”) filed in the circuit court a response to the petition for removal and contest of Bessie’s will, admitting that Bessie’s estate could be better administered in the circuit court; denying that the circuit court had proper jurisdiction of a contest of Bessie’s will; denying that Bessie lacked testamentary capacity at the time she executed the will; denying that they had exerted undue influence over Bessie; and further stating that the petition failed to state a cause of action for a will contest.
On August 18, 2012, the proponents of Bessie’s will filed in the circuit court a response to the petition to rescind the letters testamentary that had been issued to Michael, asserting, among other things, that the proponents of Bessie’s will believed that Bessie’s “heirs at law and next of kin” were those entitled to Bessie’s estate; that the proponents of Bessie’s will were the sole beneficiaries named in Bessie’s will;, that the letters testamentary that had been issued to Michael were valid and the lack of notice, if any, was a mere irregularity and did not void the letters testamentary; that the contestants of Claude’s will, i.e., his children, were not entitled to notice of probate of Bessie’s will because they were not Bessie’s heirs at law at the time of her death; and that Claude had had actual and/or constructive notice of the admission of Bessie’s will to probate.
On August 24, 2012, the proponents of Bessie’s will answered the amended and restated petition contesting the validity of Bessie’s will, generally denying the allegations in the petition and stating that the amended petition fails to state a cause of action upon which relief could be granted. The circuit court did not enter an order removing the administration of Bessie’s estate to that court.
On February 5, 2014, the proponents of Bessie’s will moved the circuit court to dismiss the claims of Claude’s children challenging the validity of Bessie’s will, alleging that they lacked the standing to challenge Bessie’s will. The proponents of Bessie’s will contended that the right to contest Bessie’s will belonged to Claude, who was still living at the time of Bessie’s death, and not to his children, and that the right to contest Bessie’s will did not succeed to his children upon his death.
On February 24, 2014, the contestants of Bessie’s will filed their response in opposition to the motion to dismiss their will-contest claims and amended petition to rescind the probate of Bessie’s will, arguing that the probate of Bessie’s will was defective because Claude, along with Bessie’s other heirs at law, was denied notice of the probate of Bessie’s will as required by § 43-8-164, Ala. Code 1975. The contestants of Bessie’s will contend that the admission of Bessie’s will to probate is due to be set aside and that her will should be *125 reoffered for probate in compliance with the notice provisions of § 43-8-164. The contestants of Bessie’s will further alleged:
“Upon such vacation, Claude’s heirs become proper parties to contest Bessie’s Last Will and Testament because they are ‘interested therein’ within the meaning of Ala. Code [1975,] §§ 43-8-190 and -199 (1991 Repl. Vol.), which give the right to contest to ‘any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate.’ Ala. Code [1975,] § 43-8-190. Any person interested therein includes ‘any person who has an interest in the estate disposed of, which would be conserved by defeating the probate of the will.’ Allen v. Pugh, [206 Ala. 10,] 89 So. 470 (Ala. 1921). The motion to dismiss accurately states that ‘interested persons’ are determined at the time the will is admitted to probate, Allen v. Pugh, [206 Ala. 10, 12,] 89 So. 470, 472 (Ala. 1921), and therefore, Claude’s children would not have standing to contest Bessie’s will if it were properly admitted to probate during Claude’s lifetime. However, because Claude is now deceased and the will at issue has not yet been properly probated, his heirs at law hold an interest in that portion of Bessie’s estate which would pass to Claude by intestate succession should Bessie’s purported will be declared invalid. Thus, said children, indeed would have standing to contest.”
The contestants of Bessie’s will also alleged that the petition contesting the validity of Bessie’s will should remain pending regardless of the status of Claude’s children, because the remaining contestants were undisputedly Bessie’s heirs at law at the time of the defective probate of Bessie’s will.
On April 8, 2014, the circuit court entered an order denying the motion to dismiss the claims of Claude’s children challenging the validity of Bessie’s will, stating, in part:
“Bessie Mae Turner died on January 17, 2012. The proponents executed a petition for probate of Will on February 11, 2012. The proponents were erroneously listed as the only heirs at law and next of kin of Bessie Mae Turner. No notice of probate was given to the remaining heirs at law and next of kin of Bessie Mae Turner. Barbara M. Moye and Claude Michael Moye filed waivers of probate of Will; however, no other heirs at law and next of kin filed a waiver. An order was entered by the Probate Court of Escambia County on February 14, 2012, admitting the Will of Bessie Mae Turner to probate. Claude Moye was never given notice of probate of the will and he died on February 26, 2012. Claude Michael Moye, one of the proponents, was an heir at law and next of kin of Claude Moye as were the contestants Susanne Moye Daniel, Mishalene Moye Coker, Garry Duff Moye, and Sherrin Moye Thomas. The proponents seek to dismiss the claims of these contestants due to the fact that Claude Moye did not predecease Bessie Mae Turner and that his right to contest the Will died with him and did not succeed to his sons and daughters. However, this argument overlooks the fact that notice of the probate of the Will of Bessie Mae Turner was never provided to Claude Moye pri- or to his death as required by statute. The order admitting the Will to probate based solely on the waivers filed by the proponents Barbara A. Moye and Claude Michael Moye was entered on February 14, 2012, without proper notice being given to all of the heirs at law and next of kin. Since Claude Moye and the other heirs at law and next of kin were *126 never given notice of the probate of the Will of Bessie.Mae Turner and thereby deprived of the opportunity to contest the Will prior to the order admitting the Will to probate, the proponents should not benefit from their failure to give notice as required by statute.”[6]
On May 21, 2014, the proponents of Bessie’s will moved the circuit court to alter, amend, or vacate its order denying their motion to dismiss the claims of Claude’s children challenging the validity of Bessie’s will. In support of the motion, the proponents of Bessie’s will presented the affidavit of Michael in which he testified that Claude had actual notice of the submission of Bessie’s will to probate. That affidavit did not address the lack of notice to Bessie’s other heirs and next of kin, who were entitled to notice pursuant to § 43-8-164 and who also are contesting Bessie’s will. The contestants of Bessie’s will filed a motion in opposition to the motion for reconsideration of the April 8, 2014, order denying the motion to dismiss, arguing that the proponents of Bessie’s will had committed fraud upon the probate court by withholding the identity of Bessie’s true heirs at law; that there is no authority for oral notice under § 43-8-164; and that Claude was not competent to waive his right to contest Bessie’s will even if he had received such notice. It does not appear that the circuit court ruled on that motion.
On June 19, 2014, the proponents of Bessie’s will again moved the circuit court to dismiss the petition challenging the validity of Bessie’s will and to strike all pleadings purporting to initiate a will contest, arguing that the circuit court lacked subject-matter jurisdiction, The proponents of Bessie’s will argued that the contestants of Bessie’s will had failed to file a valid will contest in the probate court that could be transferred to the circuit court because the petition contesting the validity of Bessie’s will was filed after Bessie’s will had been admitted to probate and, thus, did not meet the requirements of § 43-8-190, Ala. Code 1976; that there was no petition for removal filed in the circuit court and no order entered by that court removing the administration of Bessie’s estate to the circuit court pursuant to § 12-11-41; that the contestants of Bessie’s will had failed to satisfy the pleading requirements necessary to assert a claim contesting a will pursuant to § 43-8-199; and that the contestants of Bessie’s will alleged claim of lack of notice of the admission of Bessie’s will to probate does not render void ab initio the judgment of the probate court admitting Bessie’s will to probate.
The contestants of Bessie’s will filed a response in opposition to the motion to dismiss the petition contesting the validity of Bessie’s will, arguing, among other things, that the filing of the will-contest pleadings in the circuit court clerk’s office on August 10, 2012, was in compliance with the requirements of § 43-8-199 and conveyed subject-matter jurisdiction upon the circuit court.
On June 20, 2014, the contestants of Bessie’s will filed in the circuit court an amended petition to remove the administration of Bessie’s estate to the circuit court. The contestants of Bessie’s will alleged that Bessie’s estate could be better administered in the circuit court -and alleged further:
“7. That at the time the Petition for Removal to Circuit Court and Contest of Validity of Will was filed in the Circuit Court, there was pending in the Probate *127 Court a Petition to Rescind Letters Testamentary for Lack of Notice Unto Heirs of Law and Next of Kin of Decedent Pursuant to Applicable Alabama Law .... Said petition was never; ruled upon by the Probate Court.
“8. That it appears from the. Court record that although there was no order of removal entered by the ’Circuit Court, the Probate Court delivered the Estate case file to the Circuit Court and took no further action thereupon.
“9. That this amended petition is submitted to secure an order of removal to vest in the Circuit Court jurisdiction over the administration of the Estate, which is separate and distinct from the jurisdiction of the pending Will contest.
“10. That removal may be granted at any time prior to final settlement of the Estate. Code of Alabama § 12-11-41 (1975, as amended). ;
“11. That there has been no final settlement of the Estate of Bessie Mae Turner, Deceased, in the Probate Court of Escambia County, Alabama.”
The proponents of Bessie’s will filed a response in opposition to the amended petition for removal filed by the contestants of Bessie’s will, arguing that it was too late to remove the administration of the estate from the probate court because the probate court had “for all practical purposes ... undertaken] steps toward a final settlement in admitting the will to probate and granting letters.”
Following a hearing on the motion to dismiss filed by the proponents of Bessie’s will, the circuit court, on April 1, 2015, entered an order almost identical to the order entered by the circuit court dismissing the petition contesting the validity of Claude’s will. The circuit court determined that it lacked subject-matter jurisdiction over the will contest, finding that there had been no valid transfer of a will contest from the probate court to the circuit court under §§ 43-8-190 and -198, Ala. Code 1975; that no petition for-removal of administration had been filed in the circuit court and no order of removal entered by the circuit court removing the administration to that court pursuant'to § 12-11-41; and that no valid complaint contesting the validity of- the Bessie’s will had been filed in the circuit court pursuant to § 43-8-199.
The contestants of Bessie’s will appeal.
Standard of Review
This Court .has stated the standard of. review of a ruling on a motion to dismiss based on lack of subject-matter jurisdiction as follows:
“A ruling on a motion to dismiss is reviewed without a presumption of correctness. Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). This Court must accept the allegations of the complaint as true. Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C., 828 So.2d 285, 288 (Ala. 2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider- whether the pleader will ultimately prevail but whether the pleader may possibly prevail. Nance, 622 So.2d at 299.”
Newman v. Savas, 878 So.2d 1147, 1148-49 (Ala. 2003). We construe all doubts regarding the sufficiency of the complaint in favor of the plaintiff. Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala. 2006).
Discussion
I. Claude’s Will (Case No/1140819)
A. Removal of the Administration of Claude’s Estate
The contestants of Claude’s will argue that the circuit court erred in refusing to enter an order removing the administra *128 tion of Claude’s estate from the probate court to the circuit court. The probate court has both original and general jurisdiction over matters relating to the administration of an estate. § 12-13-1, Ala. Code 1975. The circuit court may acquire subject-matter jurisdiction over the administration of an estate if the administration of the estate is properly removed from the probate court to the circuit court pursuant to § 12-11-41. Section 12-11-41 provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, dis-tributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
In order to effect the removal of an administration of an estate from the probate court to the circuit court pursuant to § 12-11-41, the party seeking to remove the administration of the estate must file in the circuit court—after the estate has been admitted to probate and letters testamentary or letters of administration issued by the probate court but before final settlement thereof—a petition asserting that the petitioner is “such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.” § 12-11-41; Taylor v. Estate of Harper, 164 So.3d 542 (Ala. 2014); Dubose v. Weaver, 68 So.3d 814 (Ala. 2011); Ex parte Terry, 957 So.2d 455 (Ala. 2006); and Ex parte McLendon, 824 So.2d 700 (Ala. 2001).[7] Once a party seeking to remove the administration of an estate from the probate court to the circuit court has satisfied the pleading requirements of § 12-11-41, the circuit court must enter an order removing the administration of the estate from the probate court to the circuit court. Ex parte McLendon, supra.
The circuit court determined in its order that it lacked subject-matter jurisdiction to enter an order of removal pursuant to § 12-11-41 because there had been no petition for removal filed in the circuit court and no order entered by the circuit court removing the administration of the estate to that court. The circuit court stated:
“After the will was admitted to probate and on the same date, June 26, 2012, Susanne filed her Petition for Removal to Circuit Court in the Probate Court for Escambia County, Alabama, alleging that the estate can be better administered in the circuit court.
“The Petition for Removal to Circuit Court also contains a ‘filed’ stamp of the circuit court clerk dated June 26, 2012.
“Contestants’ original attorney in this matter was forced to withdraw due to serious health problem.
“Neither Contestants nor their current attorneys have explained why the Petition for Removal to Circuit Court, *129 which states ‘In the Probate Court of Escambia County, Alabama’ across the top, contains the stamps of both the probate court and the circuit court. At the hearing, Contestants’ counsel represented to this Court that Contestants’ original attorney either had no memory of or could not explain how said petition made its way to the circuit court clerk’s office.
“No order of removal has been entered by this Court. The plain language of § 12-11-41 states in pertinent part that ‘an order of removal must be made by the Court.’
[[Image here]]
“In this case, there was no petition for removal filed in the circuit court and this Court has not entered an order of removal. More likely than not, the probate court treated Contestants’ Petition for Removal to Circuit Court as a matter for ‘transfer’ under § 43-8-198. This Court has no subject matter jurisdiction over the administration of an estate in the absence of a petition filed in this Court invoking this Court’s subject matter jurisdiction. Therefore, this Court lacks subject matter jurisdiction to enter an order of removal under § 12-11-41.”
The record indicates that after Claude’s estate had been opened for probate and letters testamentary issued by the probate court, Susanne Moye Daniel, a daughter of Claude’s and both an heir and a beneficiary under Claude’s will, initially filed in the probate court the petition to remove the administration of Claude’s estate from the probate court to the circuit court. Susanne alleged in the petition that she was both an heir and a beneficiary under Claude’s will and that, in her opinion, Claude’s estate could be better administered in the circuit court than in the probate court.
The filing in the probate court of the petition to remove the administration of Claude’s estate from the probate court to the circuit court was a nullity and ineffectual to invoke the circuit court’s jurisdiction over the administration of Claude’s estate, because § 12-11-41 specifically requires that the petition for removal of the administration of an estate from the probate court to the circuit court be filed in the circuit court. See also Dubose, supra.
However, as noted above, the same petition for removal of the administration of Claude’s estate that was filed in the probate' court was also filed in the circuit court. Although it may not be entirely clear from the record as to how the petition to remove the administration of Claude’s estate to the circuit court subsequently came to be filed in the circuit court clerk’s office, there is no question that the petition to remove Claude’s estate from the probate court to the circuit court was stamped filed in that office. The question becomes whether the filing in the circuit court of the same petition to remove Claude’s estate from the probate court to the circuit court that had previously been filed in the probate court was sufficient to invoke the circuit court’s subject-matter jurisdiction over the administration of Claude’s estate.
In Ex parte Barrows, 892 So.2d 914 (Ala. 2004), the personal representative of a decedent’s will petitioned the probate court to probate the will and to issue letters testamentary to her. The probate court admitted the will to probate and issued the letters testamentary. A will contest was then filed in the probate court. After the will-contest complaint was filed in the probate court, the contestant filed a copy of the will-contest complaint in the circuit court. The word “probate” had been marked through and the word “circuit” inserted in its place in the style of the complaint. The circuit court cover sheet was submitted with the complaint. The *130 circuit court docket fee for filing the complaint was submitted approximately a week later. The personal representative: moved the circuit court to dismiss the will contest; the circuit court denied the motion. The personal representative then petitioned this Court for a writ of mandamus.
In denying the personal representative’s petition for a writ of mandamus, this Court held that the filing in the circuit court of the copy of the will-contest complaint previously filed in the probate court properly invoked the subject-matter jurisdiction of the circuit court to determine the-will contest. This Court explained that, “[wjhile the complaint appears to be a xeroxed copy of the. complaint originally filed in the probate court, the complaint properly contains the name of the court, the title of the action, the file number, and the designation that it is a ‘complaint contesting will.’ See Rule 10, Ala. R. Civ. P.” Ex parte Barrows, 892 So.2d at 918. This Court additionally noted that the signature of the contestant’s attorney, although not original, properly certified the allegations ip. the complaint pursuant to Rule 11, Ala. R. Civ. P.; that a cover sheet was properly filed pursuant to Rule 3(b), Ala. R, Civ. P,; and, lastly, that the docket fee was timely filed. Ex parte Barrows, 892 So.2d at 918.
Here, the petition seeking the removal, of Claude’s estate from the probate court to the .circuit court that was filed in .the circuit court after first being filed in the probate court contains the title of the action, the case number, and was designated as a “Petition for Removal to Circuit Court,” The petition further contains the signature of Daniel’s attorney, and the record indicates that the circuit court docket fee was paid.
Although the petition first contained the reference to the probate court rather than the circuit court at the time it was filed in the' circuit court, this misstatement is not fatal to the invocation of the subject-matter jurisdiction of the circuit court. The petition cited § 12-11-41 as the-basis-for removal, clearly designated that it was a “Petition for Removal to Circuit Court,” and contained the requisite language to effect a removal of the administration of the estate to the circuit court. The petition, along with the contents of the probate court’s file, was stamped filed, was assigned a case number, and was scanned into the circuit court clerk’s files. Although it is always better practice to include the name of the proper court on a pleading as required by Rule 10(a), Ala. R. Civ. P., the contents of the pleading here made it clear that the circuit court was the proper court in which to file the pleading, .and the circuit court clerk managed to establish a file for -the administration of Claude’s estate based on what was filed. See generally Ex parte Higgins, 423 So.2d 227 (Ala. 1982). See also Noe v. Noe, 679 So.2d 1057 (Ala. Civ. App. 1995)(holding that the jurisdiction of the circuit court was invoked by filing a copy of a complaint for a will contest that had been previously filed in the probate court).
Assuming that the petition was simply “walked” over to the circuit court clerk’s office, as the proponents of Claude’s will contend, nothing prevented a member of the' probate court clerk’s staff from delivering the pleading to the circuit court as a courtesy to the contestants of Claude’s will, and, because the document included thé attorney’s signature and was accompanied by‘the requisite filing fee, doing so did not make the filing of the petition in the circuit court any less effective, because the filing of a pleading is deemed completed when that pleading is received by the clerk of the court. See Rule 5(e), Ala. R. Civ, P, (“The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the *131 court ..."); Rubin v. Department of Indus. Relations, 469 So.2d 657, 658 (Ala. Civ. App. 1985) (‘“[A] pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer.’ ” (quoting Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 229, 194 So. 663, 666 (1940))).
Based on the forgoing, we conclude that a petition seeking the removal of Claude’s estate was filed in the circuit court clerk’s office and that the petition satisfied the pleading requirements of § 12-11-41. Once a party has satisfied the pleading requirements of § 12-11-41, the circuit court is required to enter an order removing the administration of the estate from the probate court to the circuit court, and the circuit court erred in failing to do so. Ex parte McLendon, supra. Therefore, we order the circuit court on remand to enter an order removing the administration of Claude’s estate from the probate court to the circuit court. Once the circuit court enters an order removing the administration of Claude’s estate from the probate court to the circuit court, the circuit court will obtain proper jurisdiction over the general administration of Claude’s estate.
B. The Will Contest
The contestants of Claude’s will next argue that the circuit court erred in dismissing their complaint contesting the validity of Claude’s will based on its conclusion that it lacked subject-matter jurisdiction over the will contest.[8] Jurisdiction to entertain a will contest in Alabama is conferred upon both the probate court and the circuit court by statute. Forrester v. Putnam, 409 So.2d 773 (Ala. 1982). ‘“In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Ala. Code 1975, before probate, the contest may be instituted in the probate court or (2) under § 43—8—199, Ala. Code 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.’” Bond v. Pylant, 3 So.3d 852, 854 (Ala. 2008) (quoting Stevens v. Gary, 565 So.2d 73, 74 (Ala. 1990)(emphasis added)). In the present case, the contestants of Claude’s will did not contest Claude’s will in the probate court before the will was admitted to probate. Rather, they filed their petition contesting the validity of Claude’s will in the circuit court after the will had been admitted to probate. Thus, § 43-8-199, Ala. Code 1975, is applicable to this case. See Bond, supra.
Section 43-8-199 provides:
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months, after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”[9]
*132 As mentioned above, the circuit court dismissed the petition contesting the validity of Claude’s will after concluding that it did not have subject-matter jurisdiction of the will contest under § 43-8-199, because no valid complaint contesting the validity of Claude’s will had been filed in accordance with the terms set forth'by the Court in Simpson v. Jones, 460 So.2d 1282 (Ala. 1984). The circuit court set forth the following conclusions in its order:
“The second way in which a will contest may make its way to the circuit court is by the filing of a complaint in the circuit court after a will has been admitted to probate pursuant to § 43-8-199.
“ ‘§ 43-8-199. Contest in circuit court after admission to probate—Generally “ ‘Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.’
“Because the right to contest a will is conferred by statute, strict compliance is mandatory.
“ ‘Because will contest jurisdiction is statutorily conferred, proceedings under § 43-8-190 and § 43-8-199 must comply exactly with the terms of the applicable statute. “It is familiar law in Alabama, the only way to quicken into exercise a statutory and limited jurisdiction is by pursuing the mode prescribed by the statute.” Ex parte Pearson, 241 Ala. 467, 469, 3 So.2d 5, 6 (1941). Section 43-8-199 mandates that, in order to commence a valid contest of a will already admitted to probate, a person with an interest in the will file a complaint in circuit court and “quicken” that court’s jurisdiction of the contest.’
“Simpson v. Jones, 460 So.2d 1282, 1284 (Ala. 1984). See also, Kelley v. English, 439 So.2d 26 (Ala. 1983); Bond v. Pylant, 3 So.3d 852 (Ala. 2008); Ex parte Barrows, 892 So.2d 914 (Ala. 2004); Ex parte Floyd, 105 So.3d 1193 (Ala. 2012).
“Proponents argue that Contestants’ Petition Contesting Validity of Will and the amended petition do not meet the requirements for a complaint contesting the validity of a will under § 43-8-199.
“Section 43-8-199 prescribes the requirements for a complaint contesting the validity of a will in the circuit court. Obviously, the complaint must be filed in the circuit court within six months after the will is admitted to probate. Contestants’ Petition Contesting Validity of Will and the amendment were filed in this Court within six months after the Last Will and Testament of Claude Wilbur Moye was admitted to probate. Proponents do not argue that the Petition Contesting Validity of Will and the amendment were filed too late, but rather they argue that these pleadings do not meet the statutory requirements for a valid complaint contesting a will.
[[Image here]]
“The elements of a complaint contesting a will pursuant to § 43-8-199 have been identified and listed by the Alabama Supreme Court.
‘“Commencement of an action under § 43-8-199, then, is the commencement of a statutory, adversarial proceeding. Simpson’s pleading did not comply with the requirements of § 43-8-199, nor did it initiate a contest in an adversarial posture. There *133 fore, the filing of that document, first with the probate court and then with the circuit court, did not operate to toll the running of the six-months statute of limitations.
‘“While defects in the form of a pleading may be remedied by amendment, the deficiencies in Simpson’s “contest” document go beyond mere form. Nowhere in Simpson’s initial pleading do we find allegations of the substantive material required by § 43-8-199; he., that Simpson had an interest in Miss Simpson’s will; that Simpson had not theretofore contested the will under other provisions of the article; that Miss Simpson’s will had been previously admitted to probate in Alabama; or that Simpson’s pleading was a complaint filed within six months of the probate of the will to be contested.
“ ‘Further, in his “contest” pleading, Simpson failed to name adverse parties—either actual or fictitious—upon whom service could have been made, informing them of the action pending against them. This is tantamount to an express direction to the clerk of the circuit court to withhold service of process, which, we have held, is an indication of the absence of a bona fide intention of immediate service, without which there could not have been the valid filing of Simpson’s pleading. Hence, the statute of limitations was not tolled. Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala. 1980).’
“Simpson, 460 So.2d at 1285.
“Proponents argue that Contestants’ Petition Contesting Validity of Will and the amendment do not initiate an adversarial proceeding. It is apparent from Contestants’ probate filings that they waited until the invalid transfer of the probate file to the circuit court to obtain a circuit court case number prior to filing their Petition Contesting Validity of Will and the amendment. Contestants did not change the style of their cause from their probate filings to reflect an adversarial proceeding. No plaintiffs are named and no defendants are named in the style. Based on the passage from Simpson quoted above, a valid will contest initiates an adversarial proceeding. Whether an adversarial proceeding is initiated can usually be determined by simply reading the style of the case in which plaintiffs/petitioners/contestants and defendants/respondents/proponents are identified. The style of Contestants’ Petition Contesting Validity of Will and the amendment does not provide such information; thus, it does not initiate and provide notice of an adversarial proceeding.
“Contestants’ Petition Contesting Validity of Will and amendment do allege that Contestants have an interest in the will of Claude Wilbur Moye. Contestants assert that ‘each [is] an heir at law and next of kin of decedent.’ This type of allegation is tantamount to alleging an ‘interest in the will.’
“The next item in the Simpson list is an allegation that contestants have ‘not theretofore contested the will under other provisions of the article.’ There is no such allegation in Contestants’ Petition Contesting Validity of Will and the amendment. Whether the will has been contested beforehand is a jurisdictional fact. If the will has been contested in the probate court, then, as explained above, the contest can come into the circuit court only via the transfer statute.
“The Simpson list next requires an allegation that the ‘will had been previously admitted to probate in Alabama.’ If a will has not been admitted to pro *134 bate, then the only way the circuit court can obtain jurisdiction of a will contest is via a transfer pursuant to § 43-8-198 of a will contest initiated in the probate court prior to admission to probate pursuant to § 43-8-190. A will may be contested in the probate court prior to its admission to probate. After a will’s admission to probate, a contest must be filed in the circuit court. The existence or non-existence of a prior will contest in the probate court and the admission of the will to probate are important, jurisdictional facts which do not appear in Contestants’ Petition Contesting Validity of Will and the amendment.
“Next, the Simpson list requires an allegation that the pleading is ‘a complaint filed within six months of the probate of the will to be contested.’ Contestants’ Petition Contesting Validity of Will and amendment do not look like complaints and do not inform the Court or anyone else that it is filed within six months of the probate of Claude Wilbur Moye’s Last Will and Testament. Again, the latter is a jurisdictional fact that is lacking.
“The Simpson court further addresses the adversarial posture of a will contest by determining whether the pleading at issue names adverse parties. Although Proponents Mike and Barbara Moye are identified in the body of the Contestants’ Petition Contesting Validity of Will and amendment, as discussed above, the 'style of the case does not identify them as defendants or proponents.
“Moreover, as the Simpson court emphasized, service on adverse parties is required. In Contestants’ Petition Contesting Validity of Will, Contestants provide no information "for service on anyone. In Contestants’ Amended Petition Contesting Validity of Will, Contestants identify Barbara Moye and ask.the court to serve her at page 4. The Circuit Court Clerk’s office obliged and served Barbara Moye with Contestants’ Amended Petition Contesting Validity of Will. A return on service on Barbara Moye is included imthe court file.
“However, Mike Moye was not served because the identities of defendants or proponents ‘upon whom service could have been made’ are not readily determined from the style of the pleadings and Contestants did not direct the clerk’s office to serve Mike as they did with respect to Barbara. Mike has never been served with any pleading purporting to be a will contest filed pursuant to § 43-8-199. This is the antithesis of a complaint filed against him.
[[Image here]]
“This Court lacks subject matter jurisdiction over the Contestants’, purported will contest. There was no valid transfer of a will contest from probate court to the circuit court under §§ 43-8-190 and -198 and there was no valid complaint contesting the validity of Claude Wilbur Moye’s Last Will and Testament filed in this Court. This Court does not have subject matter jurisdiction under § 43-8-198 via transfer. This Court does-not have subject matter jurisdiction under § 12-11-41 because no petition for removal of administration was filed in this Court- and no order of removal has been entered by this Court. This Court does not have subject matter jurisdiction under.- § 43-8-199 because no valid complaint contesting the validity of the Last Will and Testament of Claude Wilbur Moye was filed in this Court according to the requirements listed and identified by the Alabama Supreme Court in Simpson.”
The contestants of Claude’s will argue that they satisfied all the statutory requirements of § 43-8-199 in their pleadi *135 ngs. The proponents of Claude’s will adopt on appeal the analysis and conclusions of the circuit court. This Court has stated:
“Because will contest jurisdiction is statutorily conferred, proceedings under ... § 43-8-199 must comply exactly with the terms of the applicable statute. ‘It is familiar law in Alabama, the only way to quicken into exercise a statutory and limited jurisdiction is by pursuing the mode prescribed by the statute.’ Ex parte Pearson, 241 Ala. 467, 469, 3 So.2d 5, 6 (1941). Section 43-8-199 mandates that, in order to commence a valid contest of a will already admitted to probate, a person with an interest in the will file a complaint in circuit court and ‘quicken’ that court’s jurisdiction of the contest,
“We recognize that § 43-8-199 was enacted to provide an additional opportunity for contesting a will already admitted to probate. Carter v. Davis, 275 Ala. 250, 154 So.2d 9 (1963). Furthermore, the dismissal of a complaint is not proper if the pleading contains ‘even a generalized statement of facts which will support a claim for relief under [Ala. R. Civ. P.] 8’ (Dunson v. Friedlander Realty 369 So.2d 792, 796 (Ala. 1979)), because ‘[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure.’ Crawford v. Crawford, 349 So.2d 65, 66 (Ala. Civ. App. 1977). See, also, Schlagenhauf v. Holder, 379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964).
“We cannot, however, ignore the ultimate goal of pleadings under'the Alabama Rules of Civil Procedure: to provide fair notice to adverse parties of the claim against them and the grounds upon which it rests. Dempsey v. Deman, 442 So.2d 63 (Ala. 1983); Carter v. Calhoun County Board of Education, 345 So.2d 1351 (Ala. 1977). The liberality with which the Rules are construed, then, must be balanced against the requisites of fair notice to adverse parties and strict adherence to statutorily prescribed procedures.”
Simpson, 460 So.2d at 1284-85.
In Simpson, supra, the case primarily relied on by the circuit court and the proponents of Claude’s will, the will and two codicils of Miss Martha Simpson were admitted to probate on November 10, 1982. The contestant of Miss Simpson’s will and codicils filed with the probate court on May 9, 1983, a document entitled “Contest of Will of Martha -Simpson ... and.First Codicil ... and Second Codicil.” The heading of the document indicated that it was filed “In the Probate Court,” and, as relief, the document sought to have the probate of the contested; will denied and further sought to have the purported post-admission will contest “transferred” from the probate court to the circuit court, Initially, and importantly, we note that, just as in the proceeding herein, the Simpson, will and codicils had been admitted to probate without a challenge. . Section 43-8-190 provides for a contest before a will is admitted to probate, and § 43-8-198, Ala. Code 1975, which must be read in tandem therewith, provides for the “transfer” of a pre-admission contest, properly ordered by the probate court, to the circuit court. However, the Simpson matter concerned the attempted transfer of a postradmission contest to the circuit court—a procedure not provided for under Alabama probate law and not authorized as relief available from the probate court and different from the factual scenario herein; additionally, the Simpson case did not involve the attempted removal of the “administration of the estate” to circuit court. The contestant alleged as grounds for relief that the-decedent suffered from “mental incompetence, *136 physical weakness, and lack of testamentary capacity, and that coercion, undue influence, and restraint had been exerted on Miss Simpson to procure her -will and the codicils.” 460 So.2d at 1284. The document failed to name, or otherwise to identify the respondents, nor did the document state, or otherwise identify, the contestant’s interest in the will. After the document and a copy of it were stamped “filed” in the probate court, the contestant’s attorney took the original document and filed it with the circuit court. Simpson, supra.
On May 16, 1983, the contestant filed with the circuit court a document entitled “Removal of Contest of Will from Probate Court to Circuit Court in the Contest of the Will of Martha Simpson ... and First Codicil ... and Second Codicil....” 460 So.2d at 1284. The contestant purported to amend the original document by (1) alleging his entitlement to a share of the estate by virtue of his being a great-nephew of Miss Simpson, and (2) demanding that the will “be declared void, and that said [post-admission] contest be transferred from the Probate Court .... to the Circuit Court...” 460 So.2d at 1284 (bracketed language and emphasis added). On October 5, 1983, the contestant provided the circuit court with the names and addresses of those parties upon whom service of a summons and the alleged “complaint” was to be made. Service was perfected on all specified respondents. The circuit court entered a final order granting the motion to dismiss and to strike the pleading filed by the contestant of the will finding that “the defects in the [original] document cannot be cured by amendment ... and ordered that the documents be returned to the probate court.” Simpson, supra.
In affirming the circuit court’s dismissal of the purported contest action, this Court stated:
“Commencement of an action under § 43-8-199 ... is the commencement of a statutory, adversarial proceeding. [The contestant’s] pleading did not comply with the requirements of § 43-8-199, nor did it initiate a contest in an adversarial posture. Therefore, the filing of that document, first with the probate court and then with the circuit court, did not operate to toll the running of the six-month[ ] statute of limitations.
“While defects in the form of a pleading may be remedied by amendment, the deficiencies in [the contestant’s] ‘contest’ document go beyond mere form. Nowhere in Simpson’s initial pleading do we find allegations of the substantive material required by § 43-8-199; he., that [the contestant] had an interest in Miss Simpson’s will; that [the contestant] had not theretofore contested the will under other provisions of the article; that Miss Simpson’s will had been previously admitted to probate in Alabama; or that [the contestant’s] pleading was a complaint filed within six months of the probate of the will to be contested.
“Further, in his ‘contest’ pleading, [the contestant] failed to name adverse parties—either actual or fictitious—upon whom service could have been made, informing them of the action pending against them. This is tantamount to an express direction to the clerk of the circuit court to withhold service of process, which, we have held, is an indication of the absence of a bona fide intention of immediate service, without which there could not have been the valid filing of [the contestant’s] pleading. Hence, the statute of limitations was not tolled. Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala. 1980).
“[The contestant] argues that, under [Ala.] R. Civ. P. 3, the filing of a complaint alone constitutes commencement of the action. We disagree. Assuming, *137 arguendo, that Simpson’s pleading had been a properly drafted complaint, the filing of that pleading is not the sole factor to consider in determining whether there has been the commencement of an action under the rules. In Freer v. Potter, 413 So.2d 1079 (Ala. 1982), the plaintiff argued that the filing of the complaint constituted initiation of the action. There the court held:
‘“While this is generally the case, such filing calls for an implied demand for immediate service. When, as here, the plaintiff intentionally interferes with this service by ordering that service be withheld, then the filing will not constitute the commencement of the action, since there is no intent to prosecute the claim at that time.’ 413 So. 2d at 1081.
“The reasoning behind our holding in the instant case was well stated by Justice Maddox in Ward v. Saben, supra. There, the Court found that the complaint had been filed without intention of immediate service and, therefore, that the action had not been commenced. The Court stated:
“ ‘To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether, in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations.’ 391 So. 2d at 1035.”
460 So.2d at 1285-86 (bracketed language added).
In addition to the distinctions noted above, the factual circumstances presented by the case presently before this Court differ from those presented in Simpson in several aspects. Initially, the contestants of Claude’s will expressly state in their petition that they are “each an heir at law and next of kin of [the] decedent herein.” In order to satisfy the “any person interested in any will” requirement of § 43-8-199, “ ‘[a] contestant of a will must have some direct legal or equitable interest in the decedent’s estate, in privity with him, whether as heir, purchaser, or beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will.’ ” Evans v. Waddell, 689 So.2d 23, 27 (Ala. 1997)(quoting Braasch v. Worthington, 191 Ala. 210, 213, 67 So. 1003, 1004 (1915)). See also Queen v. Harden, 924 So.2d 712, 715 (Ala. Civ. App. 2005)(holding that will-contest complaint containing an allegation that contestant was an “heir at law” of the decedent satisfied the “any person interested in any will” pleading requirement of § 43-8-199). Accordingly, we conclude that the contestants of Claude’s will satisfied the statutory “any person interested in any will” requirement of § 43-8-199 by alleging in their petition that they each were an heir at law of Claude’s.
Second, as for the “no previous contest of the will” requirement under § 43-8-199, neither the original petition nor the amended petition contesting the validity of Claude’s will expressly alleged that the contestants had not previously contested the will. However, we note that the circuit court had before it the entire contents of the probate court’s file, which had previously been stamped filed and scanned into the circuit court clerk’s files, from which it is discernible that the contestants of Claude’s will had not previously filed an action contesting the will.[10] See Stone v. *138 Parish, 70 So.3d 420, 424 (Ala. Civ. App. 2011)(holding that the circuit court had subject-matter jurisdiction of a will contest where the complaint contained ho specific allegation that no previous will-contest actions ha4 been filed and the record lacked evidence indicating that a previous will contest had been filed). Therefore, because there was nothing in the record indicating that either the contestants of Claude’s will, or anyone, had previously filed a will contest contesting Claude’s will, the absence of an express statement of that fact in the complaint would not render the complaint invalid and impede the circuit court from obtaining jurisdiction of the will contest under § 43-8-199.
Third, as for the statutory requirement under § 43-8-199, that the “will had been previously admitted to probate in Alabama,” the contestants of Claude’s will did not expressly aver that the will had been previously admitted to. probate. As noted above, however, the circuit court had before it the contents of the probate court’s file that clearly indicated that the will had been admitted to probate in Escambia County. Also, the contestants of Claude’s will requested in their amended petition contesting the validity of Claude’s will “that the Letters Testamentary issued, unto Claude Michael Moye be rescinded and a successor Personal Representative be duly appointed.” Implicit in this requested prayer for relief is the fact that Claude’s will had previously been admitted to probate and an estate opened by the probate court. Additionally, we note that the proponents of Claude’s will filed answers to both the petition and the amended petition acknowledging that Claude’s will had been admitted to probate. Accord-. ingly,.,we conclude that the statutory requirement under § 43-8-199 that the “will had been previously admitted to probate in Alabama” was satisfied.
Fourth, as for the requirement in § 43-8-199 that the will contest be filed within six months of the admission of the will to probate and in the same county in which the will was admitted to probate, we note that the contestants of Claude’s will failed to expressly aver that the complaint contesting Claude’s will was filed within six months and in the same county in which the will was admitted to probate. Claude’s will was admitted to probate in Escambia County on June 26, 2012. The contestants of Claude’s will filed their petition and amended petition contesting the validity of Claude’s will in the Escambia Circuit Court on August 7, 2012, and August 9, 2012, respectively, well within the six-month period for filing a contest under § 43-8-199. As with the “no previous contest of the will” requirement discussed above, the fact that the petition and amended petition contesting the validity of Claude’s will were filed in the Escambia Circuit Court within the six-month period provided by § 43-8-199 is easily discernible from the record before the court. Stone, supra. Accordingly, we conclude the statutory requirement that the will contest be,filed in the same county in which the will was admitted to probate and within six months of the will being admitted to probate is satisfied.
Finally, the contestants of Claude’s will expressly identified “Claude Michael Moye and/or Barbara Moye” in both the' original and amended petitions contesting the validity of Claude’s will and allege that they “exerted undue influence and/or coercion upon the decedent and/or misled him” in the making of, his will and further alleged .that they, “through undue influence, had availed themselves of cer *139 tain assets of decedent during his life to the exclusion and/or financial detriment of his other four adult children.” Although service of process was not requested for either Michael or Barbara in the original petition contesting the validity of Claude’s will filed on August 7, 2012, service of process for Barbara was requested in the amended petition contesting the validity of Claude’s will filed on August 9, 2012. Both the original and amended petitions contesting the validity of Claude’s will were served upon Michael and Barbara’s attorney of record. We further note that Michael and Barbara answered both the original and amended petitions contesting the validity of Claude’s will without raising an objection based on insufficiency of service of process. See Kingvision Pay-Per-View, Ltd. v. Ayers, 886 So.2d 45 (Ala. 2003) (objection to insufficiency of-service of process waived where not raised initially in a Rule 12(b), Ala. R. Civ. P., motion, an answer, or an amended answer). Accordingly, we conclude that both the original and amended petitions contesting the validity of Claude’s will adequately named Michael and Barbara as actual adverse parties and informed them of the pending action against them.[11]
As stated above, the goal of pleadings under the Alabama Rules of Civil Procedure is to provide fair notice to adverse parties of the claims against them and the grounds upon which those claims rest. Simpson, supra. The liberality with which the pleadings are to be construed must álso be balanced against the requirement of fair notice to adverse parties and strict adherence to’ statutorily prescribed procedures. Simpson, supra. Based on the foregoing,' wé conclude that the contestants of Claude’s will satisfied the pleading requirements of § 43-8-199 and that the circuit erred in dismissing the will contest filed by the contestants of Claude’s will.
C. The Inter Vivos Transfers
The contestants of Claude’s will asserted in their amended petition contesting the validity of Claude’s will a claim alleging that the proponents of Claude’s will, through undue influence, had “availed themselves of certain assets of decedent during his life to the exclusion and/or financial detriment of his other four adult children.” The contestants of Claude’s will sought an accounting of these alleged inter vivos transfers from Claude to the proponents of Claude’s will. The claims challeng *140 ing the inter vivos transfers and requesting an accounting appear to have been considered by the circuit court as a mere incident to the petition contesting the validity of Claude’s will and were, therefore, also dismissed.
An accounting is equitable in nature. See Ex parte Holt, 599 So.2d 12 (Ala. 1992). Probate courts are “court[s] of law and, therefore, generally do[ ] not possess jurisdiction to determine equitable issues.” Lappan v. Lovette, 577 So.2d 893, 896 (Ala. 1991).[12] Alabama’s circuit courts, however, do have jurisdiction over matters equitable in nature. Section 12-11-31(1), Ala. Code 1975, provides that the jurisdiction of the circuit courts as to equitable matters extends “to all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals.” “[C]ircuit courts are ‘better able to deal justly, adequately, and completely with all matters and questions involved’ in the administration of estates.” Byars v. Mixon, 292 Ala. 657, 661, 299 So.2d 259, 261 (1974)(quoting Bynum v. Brewer, 217 Ala. 52, 55, 114 So. 577, 579 (1927)). The equita ble claim for an accounting in the administration of an estate is a matter best left to the circuit court. See Garrison v. Kelly, 257 Ala. 105, 57 So.2d 345 (1952). An equitable accounting claim is not proper in a will contest brought under § 43-8-199 because the “sole and only appropriate purpose” of a proceeding brought under that section is the contest and possible revocation of a will already admitted to probate. Kelley v. Sutliff, 262 Ala. 622, 627, 80 So.2d 636, 640 (1955). Accordingly, the circuit court would have subject-matter jurisdiction over properly pleaded claims for an accounting and alleging improper inter vivos transfers from Claude to Michael and Barbara as part of the general administration of Claude’s estate once the circuit court properly enters the order transferring the administration of the estate to circuit court.
However, any such equitable claim for an accounting or asset recovery is premature at this point in the proceedings because there is currently no administration of Claude’s estate pending in the circuit court. As noted above, the circuit court has yet to obtain jurisdiction of the administration of Claude’s estate because it has yet to enter an order removing Claude’s estate from the probate court to the circuit court pursuant to § 12-11-41. Subsequent to the circuit court’s entry of an order on remand pursuant to § 12-11-41, removing the administration of Claude’s estate from the probate court to the circuit court, the circuit court would obtain jurisdiction over Claude’s estate to freely administer the estate in all respects, including the potential appointment of an administrator ad colligendum[13] pending the disposition of the will contest.
II. Bessie’s Will (Case No. 1140820)
A. Removal of the Administration of Bessie’s Estate
The contestants of Bessie’s will initially argue that the circuit court erred in refusing to enter an order removing the administration of Bessie’s estate from the probate court to the circuit court. The circuit court found that there had been no petition for removal filed in the circuit court and that the circuit court had not entered an *141 order removing the administration of Bessie’s estate from the probate court to the circuit court. Thus, the circuit court concluded that it lacked subject-matter jurisdiction over the administration of Bessie’s estate. Bessie’s case differs slightly from Claude’s in that, in Bessie’s case, the petition for removal from the probate court to the circuit court and the complaint for a will contest are contained in the same document. We will first analyze the document in the context of its status as a petition for removal of Bessie’s estate from the probate court to the circuit court.
As stated earlier, § 12-11-41 provides:
“The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, dis-tributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court.”
On August 9, 2012, after Bessie’s will had been admitted to probate, the contestants of Bessie’s will[14] filed in the probate court a “Petition for Removal to Circuit Court and Contest of Validity of Will.” The “Petition for Removal to Circuit Court and Contest of Validity of Will” was captioned and designated as being filed “In the Probate Court for Escambia County, Alabama,” stated the title of the case as “In Re: The Estate of Bessie Mae Turner, Deceased,” and set forth the case number as 9695. The contestants of Bessie’s will alleged in the petition that they were the heirs and next of kin of Bessie’s and that they were seeking the removal of Bessie’s estate from the probate court to the circuit court pursuant to § 12-11-41, because it was their collective opinion that Bessie’s estate could be better administered in the circuit court. As was the case with Claude, the filing in the probate court of the petition to remove Bessie’s estate from the probate court to the circuit court was a nullity and did not invoke the circuit court’s jurisdiction over the general administration of Bessie’s estate, because § 12-11-41 requires that the petition for the removal of the administration of a decedent’s estate be filed in the circuit court. Dubose, supra.
However, also like Claude’s case, a duplicate copy of the “Petition for Removal to Circuit Court and Contest of Validity of Will” was stamped filed in the circuit court clerk’s office on August 10, 2012. The copy of the petition filed in the circuit court seeking the removal of Bessie’s estate from the probate court to the circuit court contained the title of the action, the case number, and was designated as a “Petition for Removal to Circuit Court.” The petition was signed by the attorney representing the contestants of Bessie’s will, and it appears from the record that the filing fee was paid in the circuit court. The contestants of Bessie’s will asserted in the petition that they were the heirs and next of kin of Bessie’s, cited § 12-11-41 as the basis of the removal of the administration of Bessie’s estate, and set forth the requisite language necessary to effect a removal *142 of the administration of the estate from the probate court to the circuit court. The petition, along with the contents of the probate court’s file, was stamped filed,, assigned a circuit court case number, and scanned in the circuit court clerk’s files.
We conclude that a petition seeking the removal of Bessie’s estate from the probate court to the circuit court was filed in the circuit court clerk’s office and that the petition satisfied the pleading requirements of § 12-11-41 for the same reasons that we concluded in Part I.A. of this “Discussion” section that a valid petition seeking the removal of Claude’s estate from the probate court had been filed in the circuit court. Because the pleading requirements of § 12-11-41 were satisfied, the circuit court was required to enter an order removing the administration of Bessie’s estate from the probate court to the circuit court, and it erred in failing to do so. Ex parte McLendon, supra. As in Claude’s case, once the circuit court enters on remand an order removing the administration of Bessie’s estate from the probate court to the circuit court, the circuit court will obtain jurisdiction over the general administration of Bessie’s estate.
The contestants of Bessie’s will next argue that the probate of Bessie’s will was defective and that, upon removal of the administration of Bessie’s estate to the circuit court, the order probating the will is due to be vacated by the circuit court for failure to comply with the requirements of § 43-8-164, Ala. Code 1975 (Notice to surviving spouse and next of kin—Generally). The contestants of Bessie’s will state that the purpose of § 43-8-164 is to ensure that the heirs at law and next of kin of the deceased have the opportunity to come into probate court and contest a will before its admission to probate if they so choose. The contestants of Bessie’s will argue that they were denied the opportunity to contest Bessie’s will before it was admitted to probate because they did not receive the required notice pursuant to § 43-8-164. The contestants of Bessie’s will rely upon Sowell v. Sowell’s Administrator, 40 Ala. 243, 245 (1866), which states: “[W]hen a will is admitted to probate, without notice having been given to those who are entitled to notice, the probate will be set aside on.proper application.”[15] We pretermit a determination as to this issue, because any such determination by this Court at this point of the proceedings would be premature in that the circuit court has not yet obtained jurisdiction over the administration of Bessie’s estate and, thus, has no authority at this point to determine this issue. See Generally Robinson v. Benton, 842 So.2d 631 (Ala. 2002) (holding that this Court’s review is - limited to issues ruled upon by the circuit court).
B. The Will Contest'
We now analyze the latter portion of the “Petition for Removal to Circuit Court and Contest of Validity of Will” filed by the contestants of Bessie’s will, in the context of its status as a complaint contesting the validity of Bessie’s will. The circuit court concluded that it had no subject-matter jurisdiction over the will contest in Bessie’s case because, it said; no valid will- *143 contest complaint had been filed in the circuit court.[16] The contestants of Bessie’s will argue that the circuit court erred in dismissing their action contesting the validity of Bessie’s will on the ground that no valid complaint contesting the validity of Bessie’s will had been filed in the circuit court pursuant to § 43-8-199, Ala. Code 1975 (Contest in circuit court after admission to probate—Generally).
As discussed above in Part I.B. of this “Discussion” section, a will may be contested in one of two ways in Alabama: (1) under § 43-8-190, Ala. Code 1975, before probate, the, contest may be ¡instituted in the probate court or (2) under § 43-8-199, Ala. Code 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated. The contestants of Bessie’s will state that, because they were not properly provided notice of the submission of Bessie’s will for probate, a post-admission contest pursuant to § 43-8-199 was the only contest remedy available to them. Again, we note that § 43-8-199, Ala. Code 1975, provides:
“Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which suhh will was probated.”
Here, the contestants of Bessie’s will initially filed in the probate court their “Petition for Removal to Circuit Court and Contest of Validity of Will.” This petition was captioned and designated as being filed “In the Probate Court for Escambia County, Alabama,” stated the title of the case as “In Re: The Estate of Bessie Mae Turner, Deceased,” and set forth the case number as 9695. The contestants of Bessie’s will alleged in the petition that they were the heirs and next of kin of Bessie’s and that Bessie “lacked- the requisite testamentary capacity” at the time she purportedly executed her will and that at that time Bessie was “under the undue influence of Claude Michael Moye and/or Barbara Moye,’* thereby rendering the will unenforceable.
A copy of the “Petition for Removal to Circuit Court and Contest of Validity of Will”-filed in the probate court was subsequently stamped filed in the circuit court clerk’s office. A filing fee was paid when the petition was filed in the circuit court clerk’s office, the matter was assigned a circuit court case number, and the contents of the probate court’s file were scanned into the circuit court clerk’s files. Later, on that same day, the contestants of Bessie’s will electronically filed .in the circuit court an amended petition contesting Bessie’s will. The amended petition was captioned and designated as being filed in the “Circuit Court for Escambia. County, Alabama” and styled as “In Re: The Estate of Bessie Mae Turner, Deceased.” The amended petition alleged that Bessie lacked testamentary capacity, that Michael and Barbara had exerted undue influence over and/or coerced Bessie during the course of the, will’s preparation, and that the will was void under § 43-8-199.
The proponents of Bessie’s will contend that the “Petition for Removal to Circuit *144 Court and Contest of Validity of Will” was erroneously filed in the probate court and then improperly transferred by the, probate court to the circuit court. Relying on Bond, supra, the circuit court concluded that “the probate court’s physical transfer of the probate file to the circuit court clerk’s office [was] ineffectual and [was] not sufficient to invoke the circuit court’s jurisdiction when the purported will contest was filed in the probate court after the will was admitted to probate.” In Bond, supra, the probate court admitted the will of a decedent to probate on November 29, 2005. On April 26, 2006, a will contestant filed in the probate court a complaint contesting the decedent’s will. Later, on that same date the contestant of the will filed in the probate court' a motion seeking to transfer the will contest to the circuit court. The probate court entered an order purporting to transfer the will contest to the circuit court and had the probate court’s file delivered to the circuit court. On June 9,2006, the will contestant filed in the circuit court a complaint contesting the will. The circuit court entered an order dismissing the will-contest complaint because the will contestant had failed to file the will contest in the circuit court within six months after the will had been admitted to probate as required by § 43-8-199.
In affirming the judgment of the circuit court on appeal, this Court noted that § 43-8-190 precluded the will contestant from filing the will contest in the probate court after the will had been admitted to probate and that, in order to timely contest the will after it had been admitted to probate, the contestant had to file the will contest in the circuit court within six months of the admission of the will to probate pursuant to § 43-8-199. Thus, this Court held that the “will contest filed in the probate court was a nullity as it was filed after the will had been admitted to probate, and the probate court’s order purporting to transfer the file to the circuit .court could not and did not confer jurisdiction on the circuit court.” 3 So.3d at 855 (emphasis added).
In deciding Bond, this Court cited Kelley v. English, 439 So.2d 26 (Ala. 1983), in which the decedent’s will was admitted to probate on May 6, 1981. On October 16, 1981, the will contestant filed a will contest in the probate court, along with a request for relief that the will contest be transferred to circuit court. On that same date the probate court entered an order purporting to transfer the will contest to the circuit court. The probate court’s file was subsequently transferred to the circuit court on October 20, 1981.
On June 4, 1982, the proponents of the will filed a motion to dismiss the will contest, arguing that the circuit court had no jurisdiction over the matter. The proponents of the will stated that § 43-8-190 authorized a contest before the will was admitted to probate and § 43-8-199 authorized a will contest after probate by filing a complaint in the circuit court within six months after the admission of the will to probate. The proponents of the will Stated that the will contestant had taken neither action and that, therefore, the circuit court had no jurisdiction over the matter. The circuit court entered an order dismissing the will-contest complaint. Subsequently, the will contestant filed an amendment to the complaint purporting to contest the will in the circuit court pursuant to § 43-8-199. The proponents of the will filed a motion to strike the amendment because, they said, there was no valid complaint to which the amendment could attach. The circuit court granted the motion to strike.
The will contestant argued on appeal that the circuit clerk docketed the will contest, assigned it a case number, issued *145 summonses, and otherwise treated the will contest as having been properly filed. The will contestant also presented evidence indicating that the will contest was delivered to and filed in the circuit court clerk’s office. The proponents of the will pointed out, however, that the will-contest pleading bore the caption “In The Probate Court” and had in fact first been filed in the probate court, requesting relief not available from the probate court.
In affirming the dismissal of the complaint, this Court held that, for all that appears from the record, the will-contest complaint reached the circuit court only as part of the order purporting to transfer the probate court’s file and that the “circuit clerk’s treatment of the case could have resulted from an assumption that the contest was properly transferred from probate court and so cannot serve to contradict the face of the pleadings which show that the action was filed in probate court.” 439 So.2d at 28. The Kelley decision, decided over a year prior to Simpson, supra, although not mentioned in Simpson, reached the opposite result in correctly concluding that the probate court lacked jurisdiction to transfer a post-admission contest to circuit court.
To the extent that the proponents of Bessie’s will rely on the above cases to argue that the transfer of a will contest from the probate court to the circuit court is ineffectual when the will contest is first filed in the probate court after the will has been admitted to probate, such reliance is misplaced, because the facts of those cases are distinguishable from the facts of this case. In those cases, unlike this one, the probate court, acting upon a request for relief by means of a transfer to the circuit court, transferred the will contest to the circuit court pursuant to an order that the probate court did not have the authority or jurisdiction to enter. Section 43-8-199 clearly and unambiguously requires that a will contest brought under that Code section be filed in the circuit court, rather than the probate court, after a will has been admitted to probate. Thus, any order entered by the probate court purporting to transfer the will contest from the probate court to the circuit court is a nullity. It follows that the circuit court’s jurisdiction cannot be properly invoked upon the entry of a void order by the probate court purporting to transfer the will contest from the probate court to the circuit court. Therefore, this Court concluded in both Bond, supra, and Kelley, supra, that the circuit court lacked jurisdiction over the will contest.
However, the probate court here did not transfer the will contest to the circuit court by means of a void order. Rather, it appears that a member of the probate court clerk’s staff simply walked, without any purported order having been entered by the probate court, the petition for a will contest, which included the attorney’s signature and was accompanied by the requisite filing fee, over to the circuit court clerk’s office where it was stamped filed. Again, we can think of nothing, and the proponents of Bessie’s will have presented this Court with nothing, that indicates that the probate court is prevented from delivering the pleading to the circuit court as a courtesy to the contestants of Bessie’s will. The filing of a pleading is deemed completed when that pleading is received by the clerk of the court. See Rule 5(e), Ala. R. Civ. P. (“The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court .... ”); Rubin, 469 So.2d at 658 (“ ‘[A] pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer.’ ” (quoting Covington Bros. Motor Co., 239 Ala. at 226, 194 So. at 663)).
*146 We further note that as discussed in Part I.A. above, a timely filed copy of a complaint asserting a will contest in the circuit court that had been originally filed in the probate court after a decedent’s will had been admitted to probate is sufficient to invoke the circuit court’s jurisdictión over a will contest where the appropriate docket fee was paid; a circuit court coversheet was included; and the complaint contained the name of the court, the title of the action, a file number, its designation as a will contest, and a copy of the attorney’s signature certifying the allegations in the complaint. Ex parte Barrows, supra.
The copy of the petition asserting a will contest that was filed in the circuit court after being first filed in the probate court contained the title of the action and a case number and was clearly designated as a will contest. Although the petition still contained ’a reference to the probate court, the substantive allegations in the petition clearly indicate that the contestants of Bessie’s will were seeking to contest the' will in the circuit court. The copy of the petition contained the signature of the attorney representing the contestants of Bessie’s will certifying the allegations contained in the complaint. The docket fee was paid, and the matter was assigned a circuit court case number. The amended petition filed electronically in the circuit court was properly captioned and designated as being filed in the “Circuit Court for Escambia County, Alabama.” The amended petition asserted that the will was void and unenforceable pursuant to § 43-8-199, because, it asserted, Bessie lacked testamentary capacity and the will was a product of undue influence and/or coercion exerted upon Bessie by Michael and Barbara,
Based on the foregoing, we cannot say that the circuit court lacked jurisdiction over the will contest because it was first improperly filed in the probate court and subsequently filed in the circuit court.
The contestants of Bessie’s will next argue that they satisfied their burden of pleading the statutory requirements of § 43-8-199 and that the jurisdiction of the circuit court was properly invoked by the-petition for a will contest filed in the circuit court. See Simpson, supra.
We note that the contestants of Bessie’s wifi expressly state in their petition contesting the validity of Bessie’s .will that they are “each an heir at law and next of kin” of Bessie’s. A complaint asserting a will contest that contains an allegation by the will contestant that the contestant was an “heir at law” of the decedent satisfies the “any person interested in any will” requirement of § 43-8-199. Evans, supra; Queen, supra. Thus, we conclude that the contestants of Bessie’s will satisfied the “any person interested in any will” requirement of § 43-8-199 by alleging in their petition that they were each an heir at law and next of kin of Bessie’s.
Second, with regard to the “no previous contest of the will” requirement under § 43-8-199, neither the original petition nor the amended petition contesting the validity of Bessie’s will expressly alleged that Bessie’s will had not previously been contested. However, as was the case in Claude’s will contest, the circuit court had. before it the contents of the probate court’s file, which had previously been stamped filed and scanned into the circuit court clerk’s files. Assuming, without, deciding, that the requirement is not a matter of proof rather than a jurisdictional pleading requirement, it is discernible from those materials that, the contestants of Bessie’s will had not previously filed an *147 action contesting the will.[17] Stone, supra. Therefore, because nothing in the record indicates that the contestants of Bessie’s will had previously filed a will contest contesting Bessie’s will, the absence of an express statement of that fact in the complaint would not render the complaint invalid and impede the circuit court from obtaining jurisdiction of the will contest pursuant to § 43-8-199.
Third, as for the requirement under § 43-8-199 that the “will had been previously admitted to probate in Alabama,” the contestants of Bessie’s will did not expressly aver that the will had been previously admitted to probate. However, again the circuit court had before it the probate court’s file that clearly indicated that Bessie’s will had been previously admitted to probate. Also, the contestants of Bessie’s will requested in their amended petition contesting the validity of Bessie’s will that the letters testamentary issued to Michael be rescinded and that a successor personal representative be duly appointed. Implicit in this requested prayer for relief is the fact that Bessie’s will had previously been admitted to probate, that letters testamentary had been issued to the personal representative, and that thereby a decedent’s estate had been opened by the probate court. We further note that the proponents of Bessie’s will filed answers to both the petition and the amended petition, acknowledging that Bessie’s will had been admitted to probate. Accordingly, we conclude that the requirement under § 43-8-199, that the “will had been- previously admitted to probate in Alabama,” was satisfied by the contestants.
Fourth, as for any requirement under § 43-8-199 that the will contest be filed within six months of the will being admitted to probate and in the same county in which the will was admitted to probate, we note that the contestants of Bessie’s will failed to expressly aver that the .complaint contesting Bessie’s will was filed within six months and in the same county in which the will was admitted to probate.
Bessie’s will was admitted to probate in the Escambia County Probate Court on February 14, 2012, The, contestants of Bessie’s will filed their petition and amended petition contesting the. validity of Bessie’s will in the Escambia Circuit Court on August 10, 2012, which was within the six-month period for filing a contest under § 43-8-199. Again, the fact that the petition and amended petition contesting the validity of Bessie’s will were filed in the Escambia Circuit Court within the six-month period provided by § 43-8-199 is easily discernible from the record before the circuit court. Stone, supra. Accordingly, we conclude the requirement that the will contest be filed in the same county in which the will was admitted to probate and within six months of the admission of the will to probate is satisfied.
Finally, the contestants of Bessie’s will expressly identified “Claude Michael Moye and/or Barbara Moye” in both the original and amended petitions contesting the validity of Bessie’s will and alleged that Bessie “lacked the requisite testamentary capacity on the date of her purported execution of the Last Will and Testament ,.. and/or that [Bessie] was under the undue influence of Claudé. Michael Moye and/or Barbara Moye, thereby rendering said Will void and unenforceable.” The contestants of Bessie’s will also alleged that Bessie was of “unsound mind as of May 17, 2010, as she had for a period of time prior thereto suffered from dementia, which negatively affected her *148 rational thought processes ... [and that] Claude Michael Moye and/or his wife, Barbara Moye, exerted undue influence and/or coercion upon decedent and/or misled. her in the course of the subject Will’s preparation and/or execution.” Although service of process was not requested for either Michael or Barbara in the original petition contesting the validity of Bessie’s will filed on August 10, 2012, service of process for Barbara was requested in the amended petition contesting the validity of Bessie’s will filed later that same day. Both the original and amended petitions contesting the validity of Bessie’s will were served upon Michael and Barbara’s attorney of record. We also note that Michael and Barbara answered both the original and amended petitions contesting the validity of Bessie’s will, without raising an objection as to any insufficiency of service of process. Thus, any objection that Michael and Barbara had with regard to the insufficiency of service was waived. Kingvision Pay-Per-View, supra. Accordingly, we conclude that both the original and amended petitions contesting the validity of Bessie’s will adequately named Michael and Barbara as actual adverse parties and informed them of the pending action against them.
We note once again that the goal of pleadings under the Alabama Rules of Civil Procedure is to provide fair notice to adverse parties of the claims against them and the grounds upon which those claims rest. Simpson, supra. In striking a balance between the liberality with which we must construe the pleadings and the requirement of fair notice and the strict adherence to the statutorily prescribed procedures, we conclude that the contestants of Bessie’s will satisfied the pleading requirements of § 43-8-199 and that the circuit court erred in dismissing the will contest filed by the. contestants of Bessie’s will.
C. The Inter Vivos Transfer
Like the contestants of Claude’s will, the contestants of Bessie’s will asserted in their amended petition for a will contest that Michael and Barbara had, through undue influence, availed themselves of certain of Bessie’s assets during her life to the exclusion of her other heirs and next of kin. The contestants of Bessie’s will sought an accounting of those alleged inter vivos transfers. However, as discussed in Part I.C. of the “Discussion” section of this opinion, any equitable claim for an accounting or asset recovery is premature at this point, because there is currently no administration of Bessie’s estate pending in the circuit court. Once the circuit court enters an order on remand removing the administration of Bessie’s estate from the probate court to the circuit court, the circuit court will obtain jurisdiction over Bessie’s estate to administer the estate in all respects, including the issue of the validity of any alleged inter vivos transfers and the necessity for an accounting.
Conclusion
We remand case no. 1140819 to the circuit court for the entry of an order removing the administration of Claude’s estate from the probate court to the circuit court. We further reverse the circuit court’s judgment in case no. 1140819 dismissing the will contest filed by the contestants of Claude’s will. We remand case no. 1140820 to the circuit court for the entry of an order removing the administration of Bessie’s estate from the probate court to the circuit court. We also reverse the circuit court’s judgment in case no. 1140820 dismissing the will contest filed by the contestants of Bessie’s will.
1140819—REVERSED AND REMANDED.
*149 1140820—REVERSED AND REMANDED.
Stuart, Parker, Murdock, Main, Wise, and Bryan, JJ., concur.

. Michael states that a member of the probate court’s staff simply walked the "Petition for Removal to Circuit Court,” along with the contents of the probate court’s file, to the circuit court clerk's office, where the petition and the contents of the probate court’s file were stamped filed and scanned into the circuit court clerk’s office files.

. From this point on, the term "the contestants of Claude’s will” refers to Susanne, Mishalene, and Garry.

. The will contest involving Bessie’s will is discussed in detail in Part II.B. of the "Discussion” section of this opinion, infra.

. Ón February 11, 2012, Michael petitioned the probate court to admit Bessie’s will to probate representing that he and Barbara were Bessie’s "heirs and next of kin.” Claude, Bessie’s nephew and heir at law and Michael’s father, was still living- at the time Bessie’s will was offered and admitted to probate; he did not die until February 26, 2012,

. Michael again states that the probate court erroneously transferred the ''Petition for Re- . moval to Circuit Court and Contest of Validity of Will," along with the contents of the probate court's file, to the circuit court by '‘walking” the petition and file to the circuit court clerk’s office.

. The circuit court made no ruling in its interlocutory order on the request to revoke the letters, testamentary and set aside the probate of Bessie’s will sought by the contestants of Bessie’s will.

. This situation is not to be confused with the situation in which an order of transfer of a will contest is required to be issued by the probate court pursuant to § 43-8-198, Ala. Code 1975, when a pending will contest is sought to be transferred from the probate court to the circuit court.

. The circuit court couched its conclusions in terms indicating that it lacked subject-matter jurisdiction over the will contest in this case. Section 43-8-1-99 clearly grants the circuit courts of this state subject-matter jurisdiction over certain will contests. As a point of clarity, the dispositive question presented is whether the pleading requirements were sufficiently met to invoke the subject-matter jurisdiction of the circuit court. “[T]he prospect of failure of a claim on such grounds certainly does not deprive the circuit court of the subject-matter jurisdiction to decide whether a claim properly presented to it does in fact find support in the law and in the facts." Ex parte Scottsdale Ins. Co., 180 So.3d 1, 1 (Ala. 2015) (Murdock, J., concurring specially).

. See the special writing in Byrd v. Bentley, 221 So.3d 1064, 1064 (Ala. 2016) (Bolin, J., concurring specially), noting that there are currently four counties in Alabama—Mobile, Jefferson, Shelby, and Pickens—in which the probate courts have been vested with concurrent equitable estate jurisdiction with the cir *132 cuit court to try will contests after a will has been admitted to probate.

. This Court has concluded that the circuit court is required on remand to enter an order removing the administration of Claude’s pro *138 bate case from the probate court to the circuit court', ‘

. The proponents of Claude’s will also argue that the contestants of Claude’s will failed to adequately plead with particularity the circumstance upon which they alleged undue influence. It appears this argument is being raised for the first time on appeal. This Court will not consider arguments raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala. 1992). The proponents of Claude’s will also argue that the contestants of Claude’s will did not submit the correct filing fee when they filed their complaint contesting the validity of Claude’s will and, therefore, that they did not satisfy a jurisdictional prerequisite to commencing an action. De-Gas, Inc. v. Midland Res,, 470 So.2d 1218 (Ala. 1985). Although this issue is being raised for the first time on appeal, we address it because subject-matter jurisdiction may not be waived and can be raised at anytime. Ex parte Smith, 438 So.2d 766 (Ala. 1983); Krouse v. Youngblood, 171 So.3d 49 (Ala. Civ. App. 2015). In Midland Resources, supra, no filing fee was paid when the complaint was filed. Here, the contestants of Claude's will argue that, to the extent the filing fee was miscalculated—which claim they do not concede—they paid the filing fee required .by the circuit court clerk at the time the complaint was filed. The payment of a filing fee in an incorrect amount does not necessarily deprive the circuit court of subject-matter jurisdiction when, the party pays the requested filing fee. See Burgett v. Porter, 180 So.3d 20 (Ala. Civ. App. 2015). Accordingly, we conclude that the circuit court was not deprived of subject-matter jurisdiction in this case.

. The legislature has conferred, either by statutes or local constitutional amendments, upon a few probate courts equitable jurisdiction with regard to certain proceedings, see, e.g., Regions Bank v. Reed, 60 So.3d 868, 878 & n. 8 (Ala. 2010); Jett v. Carter, 758 So.2d 526, 529 & 530 n. 5 (Ala. 1999). The Escambia County Probate Court is not one of those courts.

. Section 43-2-47(a) and (d), Ala. Code 1975.

. There is no question as to circuit court’s jurisdiction over the administration of the estate given the fact that the "contestants of Bessie’s will” included Bessie's heirs, who are expressly authorized to remove the administration under § 12-11-41.

. The failure of an heir or next of kin to receive the mandatory notice required by § 43-8-164 does not render the order establishing probate void. Rather, the failure of a party to receive notice pursuant to § 43-8-164 is considered to be a mere irregularity rendering the order of probate voidable upon proper application. Sowell, supra; Hall's Heirs v. Hall, 47 Ala. 290 (1872); Dickey v. Vann, 81 Ala. 425, 8 So. 195 (1886); Knox v. Paull, 95 Ala. 505, 11 So. 156 (1892); and Hawkins v. Sanders, 260 Ala. 585, 72 So.2d 81 (1954). The application or continued validity of these cases is not challenged in this appeal, because we have not been asked to overrule this line of cases.

. Again, as noted in note 8, supra, the circuit court has couched its conclusions in terms that it lacked subject-matter jurisdiction over the will contest in this case. There is no question that the circuit court has:subject-matter jurisdiction over this will contest pursuant .to § 43-8-199. The proper issue is whether the pleading requirements were sufficiently met in order to invoke the subject-matter jurisdiction of the circuit court.

. This Court has above concluded that the circuit court is required to enter an order on remand removing Bessie’s probate case from the probate court to the circuit court.